## LANG *v.* SCOTT.

Where a new right is introduced by statute, the party complaining of its violation is confined to the statutory remedy, if one be prescribed. Aliter, where the right existed at common law, and an affirmative statute intervenes inflicting a new penalty.

ERROR to the *Marion* Circuit Court.

*Tuesday,*
*November 22.*

BLACKFORD, J.—Action on the case against *Lang* for erecting an unauthorized ferry, within two miles of the plaintiff's ferry, to his damage 2,000 dollars. Demurrer to the declaration and judgment for the plaintiff.

If a statute is introductory of new rights which did not before exist in the country, and prescribes a penalty for their violation, the persons claiming under the act must depend, for the security of the rights thus claimed, upon the provisions therein specified (1). When there is a pre-existing right at common law, and an affirmative statute intervenes inflicting a new penalty, the law is otherwise. The exclusive privileges of ferries were not known here until they were authorized by statute; and the statute by which they are authorized prescribes a specific penalty for their violation (2). Upon the provisions of the act, therefore, the owners of ferries must rely for the security of their

Nov. Term, 1825.

rights, so far as the Courts of common law are concerned. This case cannot be distinguished in principle from *Almy* v. *Harris*, 5 Johns. R. 175.

*Per Curiam.*—The judgment is reversed with costs.

*Sweetser*, for the plaintiff.

*Wick*, for the defendant.

(1) Vide *Sturgeon* v. *The State*, ante, p. 39.

