CITY OF RICHMOND, D/B/A RICHMOND POWER & LIGHT *v.*
INDIANA & MICHIGAN ELECTRIC COMPANY, AN
INDIANA CORPORATION ET AL.

[No. 2-1175A322. Filed August 30, 1976. Rehearing denied October 7,
1976. Transfer denied January 26, 1977.]

*Robert V. Bridwell,* of Indianapolis, for appellant.

*Stephen B. Caplin,* of Indianapolis, *Smith, Morgan & Ryan,*
of Indianapolis, *Livingston, Dildine, Hayne & Yoder,* of Fort
Wayne, *Sparrenberger, Duvall, Tabbert & Lalley,* of Indian-
apolis, *Lebamoff, VerWiebe & Snow,* of Fort Wayne, *John J.
Metts,* Assistant Public Counselor, of Indianapolis, *Paul
Hirsch, Haymaker, Hirsch & Fink,* of Indianapolis, *Hoffman,
Moppert, Solomon, Miller & Tompson,* of Fort Wayne, *Simp-
son, Thacher & Bartlett,* of New York, New York, for appel-
lees.

ON APPELLEE'S MOTION TO DISMISS OR AFFIRM

PER CURIAM.—This cause is pending before the Court on a Motion to Dismiss or Affirm filed by the appellee Indiana & Michigan Electric Company, which alleges, *inter alia,* that the Order which is the subject of this appeal is not a final, appealable Order, and that the appellant has not exhausted its administrative remedies.

This matter was before the Public Service Commission on the Petition of the Appellee Indiana & Michigan Electric Company for Authority to Make Upward Adjustments in its Existing Electric Service Rates and for Approval of New Schedules of Rates, Rules and Regulations Therefor.

After a hearing, the Commission issued on May 28, 1975, an interim order which ordered the following: (1) Authorized Petitioner to extend and increase its interim emergency surcharge to produce increased operating revenues; (2) Authorized Petitioner to make an interim emergency surcharge on each customer's bill for electric service pending the further order of the Commission; (3) Ordered Petitioner to file schedules of rates, surcharges and tariffs together with terms and conditions of service; (4) Ordered Petitioner to reduce its ratio of long term debt to equity capital, and (5) Ordered Petitioner to submit to a management study. On June 4, 1975, the Commission issued a supplementary order correcting and clarifying its previous order of May 28.

Thereafter, on September 12, 1975, Intervenor-Appellant City of Richmond, d/b/a Richmond Power & Light (City), filed its "Petition for Order Rejecting in Part the Filing of Tariff IP Pursuant to the Order of May 28, 1975, as Modified by the Supplemental Order of June 4, 1975", wherein City prayed that the Commission reject the filing by Petitioner of certain portions of the IP (Industrial Power) Tariff which City alleged were in violation of the Commission's Order of May 28, 1975. City's Petition was denied by order of a single member of the Commission. It is from this Order of a single

member of the Commission that Appellant, City of Richmond, now seeks to appeal.

Appellee Indiana & Michigan Electric Company alleges this appeal should be dismissed because the Order sought to be appealed is not a final, appealable Order, and further, because appellant did not exhaust its administrative remedy by appealing the Order of the single commissioner to the full Commission for ruling before it appealed to this Court.

We agree with the Appellee. We have searched the case law, the statute, and the rules and regulations adopted by the Public Service Commission. Nowhere do we find any authority for appealing an order of a single commissioner directly to this Court, without first appealing to the full Commission.

The legislature has given the Public Service Commission of Indiana the duty to formulate rules or regulations necessary or appropriate to carry out the provisions of the Act. IC 1971, 8-1-1-3 (Burns Code Ed.). Pursuant to said directive it has adopted rules. Rule (54-201)-A-2 (Burns' Indiana Administrative Rules and Regulations) defines the word "commission" when used in the rules to mean the public service commission of Indiana. Rule (54-401)-1 (Burns' Indiana Administrative Rules and Regulations, Supp. 1975) provides that these rules shall govern the practice and procedure in matters before the public service commission of Indiana. Subsection (f) of said rule provides:

> "(f) Any ruling of the presiding commissioner, deputy commissioner or examiner may be appealed to the commission for ruling. The ruling of the commission, when made, shall be noted in the stenographic record and, if made after the hearing is closed, the commission will advise all parties of record of such ruling. Pending such ruling of the commission on appeal, the proceeding may proceed on the basis of the ruling of the presiding commissioner, deputy commissioner or examiner subject to the preservation of any rights of any party on the results of the appeal to the full commission."

The statute providing for judicial review of decisions of the Commission, IC 1971, 8-1-3-1 (Burns Code Ed.) is as follows:

"Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order *of the public service commission of Indiana,* may, within thirty [30] days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court [Court of Appeals] of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right of the losing party or parties in the Appellate Court [Court of Appeals] to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases. An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the findings of facts upon which it was rendered." (Emphasis supplied.)

The statute provides only for appeals to this Court from rulings, orders or decisions of the public service commission of Indiana. It does not provide for appeals to this Court from rulings, orders or decisions of a single commissioner.

In the case of *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 311, 92 N.E.2d 544, our Supreme Court stated:

"Where the legislature creates a right and prescribes the method whereby the right may be enforced the statutory remedy so provided is exclusive. *Lang* v. *Scott* (1825), 1 Blackf. 405, 435, 12 Am. Dec. 257; *Ryan et al.* v. *Ray et al.* (1886), 105 Ind. 101, 106, 4 N.E. 214; *Wilmont* v. *City of South Bend* (1943), 221 Ind. 538, 543, 48 N.E.2d 649; *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 59 N.E.2d 118; *Hinkle* v. *Howard* (1947), 225 Ind. 176, 178, 73 N.E.2d 674, 675; *New York, Chicago and St. Louis Railroad Company* v. *Zumbaugh* (1895), 12 Ind. App. 272, 279, 39 N.E. 1058; *Board of Comrs.* v. *Adler et al.* (1922), 77 Ind. App. 296, 300, 301, 133 N.E. 602; *City of Lebanon* v. *Dale* (1943), 113 Ind. App. 173, 176, 177, 46 N.E.2d 269."

In the case of *Public Service Commission of Indiana, et al.*

v. *City of Indianapolis* (1956), 235 Ind. 70, 83, 131 N.E.2d 308, 313, our Supreme Court stated:

"It is established law in this state that there is an inherent right to appeal to the courts for relief against the violations of personal or property rights as a result of administrative action. The legislature may not absolutely deprive one of such relief or judicial review. *However, where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law. Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy. Ballman v. Duffecy, supra* (1952), 230 Ind. 220, 102 N.E.2d 646; *Joseph E. Seagrams & Sons* v. *Board of Com'rs.* (1943), 220 Ind. 604, 45 N.E.2d 491; *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N.E.2d 129; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399." (Emphasis supplied.)

The rule as stated in these cases has been followed in these later cases:

*Monon R. Co.* v. *Citizens of Sherwood Forest Addition* (1970), 146 Ind. App. 620, 257 N.E.2d 846; *Decatur Co. R.E.M.C.* v. *Public Service Co.* (1971), 150 Ind. App. 193, 275 N.E.2d 857; *Cooper* v. *County Board of Review of Grant County* (1971), 150 Ind. App. 232, 276 N.E.2d 533; *Brutus* v. *Wright* (1975), 163 Ind. App. 366, 324 N.E.2d 165; *Broomes* v. *City of East Chicago* (1976), 168 Ind. App. 348, 342 N.E.2d 893; *State ex rel. Paynter* v. *Marion Co. Sup. Ct. Rm. No. 5* (1976), 264 Ind. 345, 344 N.E.2d 846.

In the case now before us, Appellant City has failed to follow the remedy for appeal as provided for by administrative rule and statute. The appeal to this Court is premature and therefore there is nothing before us, since we can review only orders, rulings or decisions of the full Commission.

The Motion to Dismiss filed by the Appellee Indiana & Michigan Electric Company is sustained and this cause is dismissed.

NOTE.—Reported at 353 N.E.2d 467.