IN THE MATTER OF THE ANNEXATION PROPOSED BY ANNEXATION
ORDINANCE NO. X01-74, BEING AN ORDINANCE TO ANNEX
CERTAIN TERRITORY TO THE CITY OF FORT WAYNE AND
TO INCLUDE THE SAME IN COUNCILMATIC DISTRICT
NO. 2.; ENVIRONMENTAL PROPERTIES, ET AL.
*v.* THE CITY OF FORT WAYNE.

[No. 3-576A112. Filed December 27, 1978.]

*Paul B. McNellis, Bonahoom, Chapman & McNellis,* of Fort Wayne,
for appellants.

*Clifford E. Simon, Jr.,* of Fort Wayne, for appellee.

HOFFMAN, J.—Appellants Environmental Properties sought to
remonstrate against annexation of their property by the City of Fort
Wayne. Because such remonstrance was not timely filed, the City moved
for dismissal of the action maintaining that the trial court lacked jurisdiction. Appellants bring this appeal as a result of the granting of the City's
motion to dismiss.

On June 12, 1974, an Annexation Ordinance No. X01-74 passed by the Common Council of Fort Wayne was signed by the mayor and thereafter duly published as required by IC 1971, 18-5-10-20 (Burns Code Ed.). On December 29, 1975, property owners of the real estate affected filed a petition for remonstrance and applied for a temporary restraining order against the city. The court granted the restraining order and set a hearing on the application for temporary injunction. The City then filed a motion to dismiss and in the alternative a motion for summary judgment. Appellants responded by filing an amendment to their remonstrance and an amended complaint for declaratory judgment. A hearing was held on January 7, 1976. Thereafter the trial court granted the City's motion to dismiss pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(1) and 12(B)(6) determining that it did not have jurisdiction over the subject matter of the pleading and that appellants failed to state a claim upon which relief could be granted.

On appeal appellants contend that the trial court erred in dismissing the cause. Specifically, it is alleged that they have standing to bring a petition for declaratory judgment.

Appellants, owners of more than 75% of the assessed realty referred to as Environmental Properties, fall within the class of persons authorized to remonstrate against the annexing ordinance by IC 1971, 18-5-10-24:

"Remonstrance against annexation—Procedure for filing.—Whenever territory is annexed to a city, whether by general ordinance defining the city boundaries or by special ordinance for the purpose of annexing territory, an appeal may be taken from the annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five per cent [75%] in assessed valuation of the real estate in the territory, if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against the annexation, together with a copy of the ordinance, in the circuit or superior courts of the county where the territory is situated or with the judge thereof in vacation within sixty [60] days after the last publication provided for in section 402 [18-5-10-20] of this article. The written remonstrance or complaint shall state the reason why annexation should not in justice take place."

The statute further provides that:

"Upon receipt of the remonstrance, the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of sections 406 through 408 [18-5-10-24 — 18-5-10-26] of this article."

The trial court was correct in determining that appellants did not comply with the requirements so as to confer jurisdiction upon the court.

It is undisputed that appellants did not bring this action within the time prescribed for such a challenge, same not being filed until 17 months following the last date of publication. Appellants argue that this is not jurisdictionally fatal to their cause of action but rather that they have standing to seek declaratory judgment. However, appellants argument must fail as remonstrance defined in the above statute is the exclusive manner for persons situated as owners of land to be annexed, to obtain relief.

The mode in which a municipality can seek modification of its territorial boundaries is exclusively established by the State Legislature. 62 C.J.S. Municipal Corp., § 50. A cardinal rule applied to interpret a statute is to ascertain and give effect to the general intent of the act. All language used will be deemed to have been intentionally used toward that purpose. *Engle et al. v. City of Indpls.* (1972), 151 Ind.App. 344, 279 N.E.2d 827.

From the legislative scheme provided in the City and Town Act of 1969, as codified in IC 1971, 18-5-10-1, *et seq.* (Burns Code Ed.), it is clear that Indiana lawmakers contemplated that dissatisfaction could arise with an attempt at annexation and prescribed for such by detailing a procedure to be used in remonstrating. Limitations placed on a new or special remedy created by statute become part of the right conferred and compliance therewith is essential to the assertion and benefit of liability. *State ex rel. Wever v. Reeves* (1951), 229 Ind. 164, 96 N.E.2d 268. Reading IC 1971, 18-5-10-24 and giving plain effect to the clear and unambiguous language used therein two requirements for filing a remonstrance emerge: a sufficient percentage of ownership requirement and a filing limitation.

There is clearly a valid and reasonable purpose in limiting the time for filing to 60 days after such ordinance is last published, giving the City formal and reasonable notice that a claim is being asserted against

it, as there is a need for finality of the ordinance so that its provisions can be enacted. As stated in *Allen Co. Dept. of Pub. Welfare v. Ball Mem. Hosp.* (1969), 253 Ind. 179, 252 N.E.2d 424, the test is to consider the consequences of noncompliance to determine whether a statutory requirement is essential. If the process for remonstrating and the statutory 60-day time limit were not observed, a municipality could be endlessly delayed by disgruntled property owners in annexation proceedings. Reading IC 1971, 18-5-10-24 in *pari materia* with IC 1971, 18-5-10-32.5 such a result would render the latter statute meaningless. That statute gives persons located in an annexed area and paying taxes the right to bring suit for failure to provide services in the annexed area within three years from the date of implementation. The existence of this remedy is further proof that the statutory remedies to taxpayers within the annexed area are exclusive.

Thus, just as it is mandatory that a remonstrance be brought by more than 75% of owners of assessed real estate in an area, *Matter of Annexation of Certain Territory, etc.* (1976), 167 Ind.App. 638, 339 N.E.2d 807, so must failure to timely file be jurisdictionally fatal. This result is in accordance with *Bradford v. City of Columbus* (1948), 118 Ind.App. 408, 78 N.E.2d 457, wherein the time limit prescribed by an earlier annexation statute was held to be a jurisdictional prerequisite.

It is an established principle that "[w]here the legislature creates a right and prescribes the method whereby the right may be enforced the statutory remedy so provided is exclusive." *City of Ft. Wayne v. Bishop* (1950), 228 Ind. 304, at 311, 92 N.E.2d 544, at 547. *See: City of Richmond v. Indiana & Mich. Elec. Co.* (1976), 170 Ind.App. 458, 353 N.E.2d 467 and cases therein cited. Therefore, having failed to comply with their statutorily conferred remedy, appellants are precluded from seeking relief under the Declaratory Judgment Act.

If appellants had not qualified as remonstrators, an action for declaratory judgment may have been an available avenue for relief. Our Supreme Court has held that ". . . where the legislature has failed to provide for a statutory remedy of appeal sufficiently broad, the courts nevertheless will grant such a judicial review, since each litigant is en-

titled to an appeal." *Mann v. City of Terre Haute et al.* (1960), 240 Ind. 245, 163 N.E.2d 577. Appellants have not demonstrated any equitable grounds for relief under the Declaratory Judgment Act. *Reafsnyder et al. v. City of Warsaw* (1973), 155 Ind.App. 455, 293 N.E.2d 540. And it must be noted that even in an action for declaratory judgment the statutory time limit of 60 days must be observed since the same need to facilitate and lend finality to an ordinance exists.

The trial court was correct in finding that it did not have jurisdiction and that appellants' amended complaint for declaratory judgment failed to state a valid claim for relief. Accordingly, the judgment dismissing this cause must be affirmed.

Affirmed.

Staton, J. concurs.

Chipman, P.J., participating by designation, concurs.

NOTE—Reported at 383 N.E.2d 481.