Donald J. **LANGBEHN** and Margaret E. Langbehn, Plaintiffs–Appellants,

v.

**TOWN OF MERRILLVILLE,** Defendant–Appellee.

No. 3–780A187.

Court of Appeals of Indiana, Fourth District.

Dec. 23, 1980.

Nick Katich, Addison, Stoner, Stiles & Katich, P.C., Merrillville, for plaintiffs-appellants.

Gerald K. Hrebec, Fred M. Cuppy, George W. Carberry, Merrillville, for defendant-appellee.

CHIPMAN, Judge.

The Town of Merrillville, by ordinance, annexed an adjacent area land which included real property owned by the Langbehns. A declaratory judgment as to the validity of the ordinance was sought by the Langbehns and they bring this appeal from a summary judgment granted in favor of the town. We reverse.

The Langbehns have raised the following issues:

I. Whether the requirements of Ind. Code 18–5–10–32 are conditions precedent to a valid annexation by a town;

II. Whether a person owning real property within the annexed area, but not meeting either of the remonstrance requirements of Ind. Code 18–5–10–24, has standing to obtain judicial review of the ordinance on the basis of failing to meet the requirements of IC 18–5–10–32.

### FACTS

On May 9, 1978, the Merrillville Town Board passed an ordinance annexing the land in issue after being presented with a petition signed by 51% of the owners of the land in accordance with Ind. Code 18–5–10–

23.[1] On June 29, 1978, the Langbehns brought this action seeking a declaratory judgment that the ordinance was not legally adopted since the town and the territory sought to be annexed failed to meet the requirements listed in IC 18–5–10–32.

"18–5–10–32. Requirements to be met.– Town annexation shall not be sustained on appeal unless the following requirements have been met:

(a) The resident population of the area sought to be annexed is equal to at least three [3] persons for each acre of land included within its boundaries or that the land is zoned for commercial, business, or industrial uses or that sixty per cent [60%] of the land therein is subdivided; and

(b) At least one–eighth [⅛] of the aggregate external boundaries of the territory sought to be annexed coincide with the boundaries of the annexing town; and

(c) The annexing town has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three [3] years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing town to other areas of the town which have characteristics of topography, patterns of land utilization and population density similar to the territory to be annexed.

If, however, the evidence does not establish all three [3] of the foregoing factors the court. shall sustain the remonstrance and deny the annexation unless the area although not meeting the conditions of factor (a) supra is bordered on one–fourth [¼] of its aggregate external boundaries by the boundaries of the town and is needed and can be used by the town for its future development in the reasonably near future, the court may order the proposed annexation to take place notwithstanding the provisions of any other law of this state. The laws providing for change of venue from the county shall not apply, but changes of venue from the judge may be had as in other cases. Costs shall follow judgment. Pending the appeal, and during the time within which the appeal may be taken, the territory sought to be annexed shall not be deemed a part of the annexing town."

The undisputed facts are that the population of the land in issue is less than three persons per acre, the land is not zoned for commercial, business, or industrial uses, only 18% of the land is subdivided, only 22.7% of the external boundaries of the land coincide with the town's boundaries, and no documents exist which describe the town's fiscal plan nor its policy to furnish services to the annexed area.

## VALIDITY OF THE ANNEXATION

Due to our resolution of the issues we will address them together in one discussion.

Since the requirements of IC 18–5–10–32 have clearly not been met, the annexation must be nullified, if the Langbehns have standing to raise those requirements.

■ The legislature has explicitly granted standing to challenge annexations like the one involved in this case to owners of more than 75% of the assessed value of the land involved or to a majority of the owners of the land.[2] The Langbehns do not satisfy either of these remonstrance prerequisites. Instead they argue under *Pitts v. Mills*, (1975) 165 Ind.App. 646, 333 N.E.2d 897, an annexation which fails to meet the conditions of IC 18–5–10–32 is patently illegal

1. "18–5 ·10–23. Petition for annexation–Factors required–Procedure.·-Whenever the owners of real estate situated outside the corporate boundaries of any city, but adjacent thereto, desire to have real estate annexed to the city, they may file with the common council of the city a petition bearing the signatures of fifty–one percent [51%] of the owners of land in the territory sought to be annexed, requesting a special ordinance for the purpose of annexing the contiguous territory described in the petition. . . ."

2. IC 18–5–10–24.

and therefore is subject to attack by declaratory judgment action according to *Montagano v. City of Elkhart,* (1971) 149 Ind.App. 283, 271 N.E.2d 475. The appellee's well written brief has persuaded us not to adopt and expand the reasoning employed in *Pitts* but we nevertheless must find for the Langbehns on the second theory they have advanced.

Indiana Code 18–5–10–32.5[3] grants a person paying taxes on property located within the annexed area the right to bring suit against the annexing town if it has failed to implement the fiscal plan to provide services to the annexed area within three years as required by IC 18–5–10–32(c). This suit may be brought by any person paying property taxes on land within the annexed area and to that extent it differs from the conditions that must be met before a person or a group of persons are allowed to remonstrate under IC 18–5–10–24. Citing *Stallard v. Town of St. John, Lake County,* (1979) Ind.App., 397 N.E.2d 648, the Langbehns argue the plan required by IC 18–5–10–32(c) must be in existence in writing prior to the passage of the annexation ordinance in order to give effect to the right to bring suit granted by IC 18–5–10–32.5. They further assert they have standing to raise this issue by declaratory judgment despite their failure to meet either of the remonstrance prerequisites. We agree.

*Stallard* held IC 18–5–10–32(c) requires the fiscal plan and the definite policy for providing required services to the annexed area to be in writing prior to the passage of the annexing ordinance to preserve the protection afforded those paying property tax on land within the annexed area. Although the issue was raised in *Stallard* by remonstrance, we fail to see any reason why the Langbehns' declaratory judgment action should be treated any differently. If the Langbehns were not permitted to raise this issue at the initial stage of the annexation procedure, and if no written plan existed, they would be no less helpless to bring an action under IC 18–5–10–32.5 than the remonstrators would have been in *Stallard.* If the Langbehns are denied standing to raise the failure to have the fiscal plan and policies in writing prior to the passage of the ordinance, then the protection afforded them by IC 18–5–10–32.5 will be meaningless.[4]

A person paying property tax on land annexed by a town may, by seeking a declaratory judgment, preserve the protection to which he is entitled under IC 18–5–10–32.5. The judgment of the trial court is contrary to the law and is therefore reversed and judgment shall be entered in favor of the Langbehns.[5]

MILLER, J., concurs.

YOUNG, P. J., dissents with opinion.

YOUNG, Presiding Judge, dissenting.

I dissent from the majority opinion and would hold that the Langbehns have no standing to raise the failure of the Town of

3. "18-5-10-32.5. Failure to provide services in annexed area–Remedies.–(a) Within one [1] year after the expiration of the three [3] year period for implementation of a fiscal plan for providing services to an annexed area, a person who pays taxes on property located within the annexed area may file a complaint alleging injury resulting from the failure of the annexing city or town to implement the plan. The complaint shall name the annexing city or town as defendant and shall be filed with the circuit or superior court of the county in which the annexed area is located. ..."

4. The dissent states "[a] municipality could annex territory by ordinance without a fiscal plan, and absent a successful remonstration, the remedy provided by IC 18–5–10–32.5 would

be available to any taxpayer within the annexed area after three years" with no explanation how a taxpayer will be able to prove injury from the failure of the annexing city to implement a non–existent plan.

5. The dissent misinterprets our holding as saying "[t]here is no longer any requirement to have a majority of the landowners in the subject territory or the owners of more than seventy–five percent (75%) in assessed valuation of the real estate in the territory to see if IC 18-5-10-32(a), (b) and (c) have been met." Our holding is limited to those raising the requirement set out in IC 18–5–10–32(c) only due to the legislature's later enactment of IC 18–5–10–32.5.

Merrillville to have a fiscal plan and policies in writing prior to the passage of an annexation ordinance by a Declaratory Judgment action. I agree that *Pitts v. Mills*, (1975) 165 Ind.App. 646, 333 N.E.2d 897 should not be adopted or expanded. However, despite the majority's statement to the contrary, I believe that is exactly what they have done in applying IC 18–5–10–32.5 as they have.

IC 18–5–10–32.5 and the remedy provided therein is only applicable after enactment of the annexation ordinance to taxpayers in the annexed area when the municipality has failed to provide the services promised.[1] It is an exclusive post–annexation remedy which is still available to the Langbehns regardless of the existence of any plan at the time of enactment of the ordinance. A municipality could annex territory by ordinance without any fiscal plan, and absent a successful remonstration, the remedy provided by IC 18–5–10–32.5 would be available to any taxpayer within the annexed area after three years. Neither the Langbehns nor any such taxpayer are "helpless" by reason of being denied standing to raise the failure of the municipality to have a fiscal plan and policies in writing prior to the enactment of the ordinance. Neither are they denied the "protection" of IC 18–5–10–32.5.

The Langbehns are residents and landowners in the area annexed. They are not landowners in the Town. They did not file a statutory remonstrance, but rather filed an action for declaratory judgment. No remonstrance to the annexation was filed by anyone.[2]

A statutory remedy for landowners in territory annexed by a town is set forth under IC 18–5–10–24. This remedy is an appeal of the annexation to the judge of the Circuit or Superior Court by remonstrators constituting a majority of the owners of land in the territory annexed or by the owners of more than seventy–five percent (75%) in assessed valuation of the real estate in the territory annexed. It is exclusive in nature. See *In Re Annexation v. City of Fort Wayne*, (1978) Ind.App., 383 N.E.2d 481.

The Langbehns, being owners of land to be annexed, certainly qualified as remonstrators, but did not attempt to seek their statutory remedy. They contend that they have standing to bring a declaratory judgment action based upon the case of *Pitts v. Mills, supra.* However, in *Pitts* the plaintiffs were not owners of land within the territory sought to be annexed, and therefore, could not qualify as remonstrators. In *Pitts* this court accepted the plaintiff's claim that taxpayers of *an annexing city* who have no other remedy may, in some instances, procure relief via declaratory judgment from an ordinance annexing contiguous territory. They held that unless requirements set forth under IC 18–5–10–32 had been met, it was "patently illegal" for a town board to enact an annexation ordinance and, therefore, taxpayers of the annexing city had standing to seek relief under the Declaratory Judgment Act. Nevertheless, the Langbehns were not taxpayers in the annexing city, but were landowners in the area to be annexed. They did not seek relief under the statutory remedy provided.

The Langbehns assert that the Town of Merrillville Ordinance No. 78–14 is invalid because the annexation does not comply with subparagraphs (a), (b) and (c) of IC 18–5–10–32 (quoted in majority opinion). This statute comes into play and subparagraphs (a), (b) and (c) must be satisfied *only* when an annexation is remonstrated

1. IC 18-5-10-32.5 comes into play after three years from enactment of the ordinance and provides for an action against the municipality in which the aggrieved taxpayers may (1) obtain an injunction prohibiting the collection of taxes levied against the plaintiff; (2) be awarded damages not to exceed one and one quarter (1¼) times the taxes collected; (3) obtain an order of disannexation; (4) obtain an order requiring the annexing municipality to submit a revised fiscal plan providing for the missing services within time limits set by the trial court; or (5) receive any other appropriate relief.

2. In fact, the annexation was initiated by the petition of fifty–one percent (51%) of the landowners in the territory to be annexed.

against by either (1) a majority of the owners of land in the subject territory or (2) by the owners of more than seventy–five percent (75%) in assessed valuation of the real estate in the territory. The Langbehns, who admittedly satisfy neither of these tests, cannot use a declaratory judgment action to circumvent the fact that they cannot bring a remonstrance. The majority opinion destroys the legislative framework of remonstrance and burdens town annexations with a "condition precedent" having no statutory basis. To allow such a suit as the majority does renders meaningless IC 18–5–10–24. There is no longer any requirement to have a majority of the landowners in the subject territory or the owners of more than seventy–five percent (75%) in assessed valuation of the real estate in the territory to see if IC 18–5–10–32(a), (b) and (c) have been met. Only one landowner is now required. Had the legislature so intended, it could easily have accomplished the result by deleting the numerous requirements of IC 18–5–10–24.

There are two (2) distinct types of challenges to municipal annexations, each having different grounds and a different method of assertion.

The first of these types is the statutory remonstrance appeal provided for by IC 18–5–10–24. The purpose of this procedure is to allow landowners in the annexed territory to voice objection to *the fact of being annexed.* An appeal of an annexation does not challenge the jurisdiction of a municipality to annex, but rather allows for the exercise of a very restricted power of self–determination residing in landowners of the annexed territory. The power is "restricted" by the standing requirements of the appeal procedure.[3] Without satisfaction of the numerousness requirements of remonstrance, there can be no standing, and without such standing landowners have no power to object to the fact of being annexed. In effect, when an annexation has been initiated by the petition of landowners, as in the instant case, the majority of landowners have exercised their power of self–determination.

The second type of challenge to annexation is the jurisdictional attack. This type of challenge seeks not to object to the fact of annexation, but rather to contest the municipality's jurisdiction to annex. A municipality lacks jurisdiction to annex if the annexed real estate is not actually and nonartificially contiguous to the municipal boundaries, *Reafsnyder v. City of Warsaw,* (1973) 155 Ind.App. 455, 293 N.E.2d 540; where notice of impending annexation is lacking or improperly given the affected landowners, *Town of Cicero v. Williamson,* (1883) 91 Ind. 541; or where compliance with statutory publication requirements is lacking, *Montagano v. City of Elkhart,* (1971) 149 Ind.App. 283, 291, 271 N.E.2d 475, 479 (dictum). A jurisdictional challenge asserts that legally imposed conditions precedent for valid annexation have not been met, and such a challenge may be made by means of a declaratory judgment action.

In this action, the Langbehns are merely voicing their objection to the annexation and are not attacking the Town of Merrillville's jurisdiction to annex. The annexation statutes of Indiana do not require compliance with subparagraphs (a), (b) and (c) of IC 18–5–10–32 as a condition precedent of jurisdiction to annex. *Contra Pitts v. Mills, supra* (seems to make the requirements preconditions in limited situations).

---

**3.** Access to the appeal process is strictly limited to landowners in the annexed territory, and then a majority of such landowners or the owners of 75% in assessed valuation of the territory's real estate must act in concert before remonstrance hearing will be set. This provision restricting standing is clearly a screening device to limit the number of annexation contests. It may also suggest that the legislature intended to hold the municipality to the rigors of the appeal determinants only when the aforementioned classes oppose annexation. This intent may also be inferred from the statutory exception to the 2–year prohibition on reannexation attempts, which arises when target area landowners subsequently petition for annexation during the 2–year period. 10 Indiana Law Journal at 407.

Note, *Annexation and the Jurisdictional Attack in Indiana: The City Comes to Visit,* 50 Ind.L.J. 403 (1975).

Applying IC 18–5–10–32.5 as the majority would permit, circumvents the remonstrance provisions, which application I believe is counter to the legislative scheme.