Ronald **DEATON, et al.,**
**Appellants--Plaintiffs,**

v.

**CITY OF GREENWOOD, et al.,**
**Appellees--Defendants.**

No. 41A01--9106--CV--182.

Court of Appeals of Indiana,
First District.

Dec. 17, 1991.

John P. Wilson, Wilson & Tandy, Greenwood, for appellants-plaintiffs.

Virginia B. Fischer, City of Greenwood, Greenwood, for appellees-defendants.

BAKER, Judge.

This case concerns an Indiana city's annexation of land. Plaintiff-appellants Ron-

ald Deaton, Clifford Wartman, Helen Walden, and Harold Rainey (collectively, appellants) appeal a grant of summary judgment in favor of defendant-appellees City of Greenwood, Jeanette Surina, Greenwood's mayor, the Greenwood Common Council, the individual members of the Greenwood Common Council, and Linley Pearson, Indiana's Attorney General (collectively, the City). Appellants raises two issues for our consideration, which we restate as:

I) Whether the trial court erred in determining that Ordinances 88–12, 89–5, and 89–57 were not invalid as a matter of law because they did not contain a legal description of the corporate boundaries of Greenwood, as required by IND.CODE 36–4–3–3.

II) Whether the trial court erred in finding that Ordinances 88–12 and 89–5 unconstitutionally deprived appellants and others similarly situated of representation in local government by failing to assign the annexed areas to councilmanic districts.

We affirm.

## FACTS

In March 1988, by means of Ordinance No. 88–12, the City annexed a parcel of contiguous land. We shall refer to both this action and the parcel of land annexed as "Phase I." In February 1989, using Ordinance No. 89–5, it annexed a parcel of land contiguous to the land annexed in Phase I. This was "Phase II." On December 21, 1989, it enacted Ordinance No. 89–57 to annex a parcel of land contiguous to the land annexed in Phase II. This was "Phase III."

Two of the appellants, Ronald Deaton and Clifford Wartman, are Phase III landowners. Helen Walden and Harold Rainey, the remaining two appellants, are citizens residing within Greenwood's city limits. On March 2, 1990, the four filed suit, alleging the three annexation ordinances were invalid. Count I of their complaint sounded in remonstration,[1] and Counts II, III, and IV sought declaratory relief.[2] On Jan-

1. IND.CODE 36–4–3–11.

2. IND.CODE 34–4–10–1 et seq.

uary 22, 1991, the trial court granted the City's motion for summary judgment, and this appeal ensued. Other facts will be supplied as necessary.

## DISCUSSION AND DECISION

Appellants appeal the grant of summary judgment entered against them. Disposition by summary judgment is appropriate only when no genuine issues of material fact exist and the proponent is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Lewis v. City of Indianapolis* (1990), Ind.App., 554 N.E.2d 13, 15, *trans. denied.* Both the trial court and the reviewing court must examine pleadings, depositions, answers to interrogatories, admissions, and affidavits filed with the court in the light most favorable to the nonmovant. *Id.* Both remonstrances and declaratory judgment actions may be subject to summary judgment motions. *See American States Insurance Co. v. Adair Industries, Inc.* (1991), Ind.App., 576 N.E.2d 1272; *City of Fort Wayne v. Certain Northeast Annexation Area Landowners* (1990), Ind.App., 564 N.E.2d 297, *trans. denied.* Here, appellants and the City both agree there are no facts in dispute, and our review is therefore limited to determining whether the trial court correctly applied the law to the undisputed facts. *State, ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829.

### I

Appellants argue the three ordinances are invalid because they do not provide a definition of Greenwood's corporate boundaries as required by IND.CODE 36–4–3–3. The trial court agreed with appellants that "Ordinance No. 89–57 does not include a legal description defining the corporate boundaries of the City of Greenwood," *Record* at 27, and further agreed that Ordinances 88–12 and 89–5 also lack the requisite description. The trial court held, however, that the absence was not

fatal, because the ordinances could be based on IND.CODE 36–4–3–4 instead.

IND.CODE 36–4–3–3 reads, in pertinent part, as follows:

Sec. 3. (a) The legislative body of a municipality may, by an ordinance defining the corporate boundaries of the municipality, annex territory that it contiguous to the municipality. . . .

\* \* \* \* \* \*

(d) An ordinance described by subsection (a) must assign the territory annexed by the ordinance to at least one (1) municipal legislative body district.[3]

IND.CODE 36–4–3–4 reads, in pertinent part, as follows:

Sec. 4. (a) The legislative body of a municipality may, by ordinance, annex any of the following:

(1) Territory that is contiguous to the municipality.

(2) Territory that is not contiguous to the municipality and is occupied by a municipally owned or operated airport or landing field.

(3) Territory that is not contiguous to the municipality but is found by the legislative body to be occupied by a municipally owned or regulated sanitary landfill, golf course, or hospital. . . .

\* \* \* \* \* \*

(f) An ordinance adopted under this subsection must assign the territory annexed by the ordinance to at least one (1) municipal legislative body district.

It is true the City may not rely on IND. CODE 36–4–3–3 to annex the land in question without defining the corporate boundaries of the municipality. But IND.CODE 36–4–3–3 is not the only statute authorizing and regulating annexation. IND.CODE 36–4–3–4 also permits annexation, and it does not require a definition of the municipality's corporate boundaries, although there are other requirements.

When interpreting statutes, our primary objective is to determine and give effect to legislative intent. To do this, we must, of

---

**3.** Both this subsection and subsection IND. CODE 36–4–3–4(f) were added by 1989 Ind. Pub.L. No. 5–1989, effective July 1, 1989.

course, consider the reasons and policies underlying the statute, and the goals sought to be achieved by the legislation. We will give words and phrases their plain, ordinary meaning, unless a contrary purpose is clearly revealed by the statute itself. IND.CODE 1–1–4–1(1); *Eakin v. Reed* (1991), Ind.App., 567 N.E.2d 148, 149.

■ Statutory provisions cannot be read standing alone; instead, they must be construed in light of the entire act of which they are a part. *Edward Rose of Indiana v. Fountain* (1982), Ind.App., 431 N.E.2d 543. Our holding that sections 3 and 4 of IND.CODE 36–4–3 are alternative methods of annexation is based on our reading of the entire chapter. IND.CODE 36–4–3–2 provides that territories may be annexed by sections 3 *or* 4. Section 7, which lists publication requirements, applies to ordinances adopted by sections 3, 4, or 5. Section 8 allows the imposition of equitable terms and conditions upon annexation ordinances adopted under section 3 or 4. There is no indication the legislature meant to restrict annexation procedures solely to those prescribed in section 3. It is apparent that IND.CODE 36–4–3–3 is not meant to be the exclusive provision authorizing annexation.

The trial court was correct in determining the City may permissibly annex land pursuant to IND.CODE 36–4–3–4. Because that section does not require a definition of the annexing municipality's corporate boundaries, the failure of the challenged ordinances to include a definition is irrelevant.

## II

As the second contention on appeal, appellants assert Ordinances 88–12 and 89–5 deprived Phase I and II residents of representation in local government by failing to designate a legislative district for the annexed territory.

■ A preliminary word about remonstrances and declaratory judgments is in order. Remonstrance is the exclusive manner for landowners to obtain relief from annexation proceedings. *City of Ft.* *Wayne, supra,* at 298. IND.CODE 36–4–3–11 sets out strict guidelines successful remonstrators must meet. Declaratory judgment suits, however, which are the only other method of challenging a city's annexation, are available only to taxpayers of the annexing city. *Id.* In this case, then, appellants Deaton and Wartman, as Phase III residents, may bring only an action in remonstrance; because they are not Greenwood residents, declaratory relief is unavailable to them. Appellants Walden and Rainey, on the other hand, may challenge only the annexation by means of a declaratory action, because they are Greenwood residents, and not Phase III residents.

■ In addition to the rule set out in *City of Ft. Wayne, supra,* a party seeking relief from annexation must have the proper standing. The issue of standing focuses on whether the complaining party is the proper person to invoke the court's power, and is designed to assure active and vigorous litigation. *Vandiver v. Marion County* (1990), Ind.App., 555 N.E.2d 839, 841. To have standing, a party must demonstrate a personal stake in the outcome of the lawsuit and must show, at a minimum, he was in immediate danger of sustaining some direct injury as a result of the conduct at issue. *Id.* at 842. Further, one may not assert a cause of action based solely on the infringement of the rights of others. *City of Indpls., et al. v. State Tax Comm'rs* (1974), 261 Ind. 635, 308 N.E.2d 868.

■ Deaton's and Wartman's representational challenge fails. First, Deaton and Wartman have no standing to raise the issue of lack of representation. Both are Phase III residents, and Ordinance No. 89–57 assigns Phase III residents to a councilmanic district. Therefore Deaton and Wartman, as Phase III residents, have suffered no injury, because they have not been deprived representation.

Neither can they successfully challenge the validity of Ordinances 88–12 and 89–5. IND.CODE 36–4–3–11(a) requires remonstrances to be filed within 60 days after the publication of the annexation ordinance.

Were this time period not observed, "a municipality could be endlessly delayed by disgruntled property owners in annexation proceedings." *In re Annexation Proposed By Annexation Ordinance No. X01–74* (1978), 178 Ind.App. 645, 648, 383 N.E.2d 481, 484. Deaton and Wartman concede no remonstrance objecting to Ordinances 88–12 and 89–5 was filed within 60 days of those ordinances' publication. *Reply Brief of Appellants–Plaintiff* at 7. For these reasons, they may not successfully challenge the validity of the ordinances on the basis of a lack of representation.

■ Appellants Walden and Rainey are residents within the original city limits and therefore may challenge the ordinances only by declaratory action, but they encounter the same problems as the remonstrators Deaton and Wartman. Neither Walden nor Rainey is a Phase I or II resident, so it cannot be said that Walden or Rainey was deprived of representation. Without this injury, both lack standing. *Vandiver, supra.* Moreover, the 60 day limitation period applies to declaratory judgment actions as well as remonstrances, "since the same need to facilitate and lend finality to an ordinance exists." *In re Annexation, supra,* 383 N.E.2d at 484. There is no dispute that both Walden and Rainey failed to protest the Phase I and II ordinances within the 60 day time period.

The judgment of the trial court is affirmed.

RATLIFF, C.J. and GARRARD, J., concur.