In the Matter of the ANNEXATION PRO-
POSED BY ORDINANCE NO. X–02–93
Annexing Certain Territory Commonly
Known As the North I Annexation Area
to Fort Wayne and Including the Same
In Councilmanic Dist. No. 3.

No. 02A03–9502–CV–34.

Court of Appeals of Indiana.

July 13, 1995.

Transfer Denied Nov. 15, 1995.

John M. Clifton, Jr., Barrett & McNagny,
Fort Wayne, for appellant.

J. Timothy McCauley, Helmke, Beams,
Boyer & Wagner, Fort Wayne, for appellee.

## OPINION

GARRARD, Judge.

This case involves an Indiana city's annexation of land. Landowners of the annexed property brought suit claiming that the statutorily required written plan was inadequate. The trial court dismissed the landowners' declaratory judgment action after determining their only remedy was through remonstrance. We affirm.

### FACTS

The Common Council of the City of Fort Wayne passed an ordinance on March 9, 1993, annexing approximately 2775 acres of land commonly known as the North I Annexation Area (North I). Record at 22. The common council also approved a written fiscal plan for the territory. The city's mayor signed the ordinance on March 10, 1993. The ordinance provided that the annexed territory would not become part of the city until January 1, 2001. Record at 14.

On May 21, 1993, landowners of the annexed property filed a remonstrance action in the Allen Superior Court. These landowners attached as Count II an action for declaratory judgment, alleging that the annexation ordinance at issue was illegal, invalid, void, and of no force and effect. Record at 11. In their complaint, landowners further alleged that they each owned a parcel of the land in the territory to be annexed. Record at 7.

The trial court dismissed the remonstrance since landowners failed to obtain the requisite number of signatures.[1] Landowners do not appeal this dismissal. The trial court also dismissed landowners' declaratory judgment action, stating that landowners lacked standing. Essentially, the trial court found that landowners could not challenge the quality and adequacy of the city's fiscal plan through declaratory judgment. Record at 71–72. Landowners appeal.

---

1. Ind.Code § 36–4–3–11(a) allows property owners to appeal annexation of their property by filing a written remonstrance signed by:

(1) a majority of the owners of land in the annexed territory; or

## ISSUE

The sole issue presented for our review is whether landowners of annexed property may bring a declaratory judgment action to challenge the annexation, or whether they are limited to remonstrance.

## DISCUSSION AND DECISION

Municipal annexation is governed by Ind. Code § 36–4–3–1 through –22 (West 1983 & Supp.1994). Owners of property within annexed territory are allowed to appeal or remonstrate against annexation. To do so, however, they must comply with the strict guidelines in I.C. § 36–4–3–11. Appellants failed to submit the requisite number of signatures to remonstrate against the annexation. Instead of pursuing their remonstrance, appellants now argue that they should be allowed to challenge the annexation through an action for declaratory judgment. Specifically, appellants contend that the city's fiscal plan is so defective as to constitute the equivalent of no plan at all. Appellants rely upon *Langbehn v. Town of Merrillville* (1980), Ind.App., 413 N.E.2d 680, in which this court previously allowed landowners to challenge by declaratory judgment a city's failure to provide a written fiscal plan prior to annexation.

■ The relationship between remonstrances and declaratory judgments has been addressed by this court. The prevailing rule which has emerged is that remonstrance is the exclusive manner for landowners of annexed property to obtain relief from annexation proceedings. *Deaton v. City of Greenwood* (1991), Ind.App., 582 N.E.2d 882, 885; *City of Fort Wayne v. Certain Northeast Annexation Area Landowners* (1990), Ind.App., 564 N.E.2d 297, 298, *reh'g denied, trans. denied; In Re Annexation v. City of Fort Wayne* (1978), 178 Ind.App. 645, 383 N.E.2d 481, 483. Declaratory judgment suits, which are the only other method of challenging a city's annexation, are available to taxpayers of the annexing city. *Deaton,* 582 N.E.2d at 885; *Montagano v. City of*

*Elkhart* (1971), 149 Ind.App. 283, 271 N.E.2d 475, 480. In recognizing the validity of a declaratory judgment proceeding brought by city taxpayers, this court limited such action to situations in which the city common council's actions

... are clearly or patently illegal, or where the council acts without jurisdiction over the subject matter, or where there is an unmistakable abuse of discretion in the council's decision to annex, or where wastage of public funds is present or imminent and is something more than the furnishing of the normal services and facilities attendant legal annexation. *Montagano,* 271 N.E.2d at 480–81.

We imposed this limitation because "[t]he great and continued interest of the public in the fruits of annexation demands that such normal function of the city common council not be rendered impotent due to unjustified interference through taxpayer suits." *Id.* at 480.

This court has carved out two narrow exceptions to the rule that remonstrance is landowners' exclusive remedy. In the first case, we allowed landowners to maintain a declaratory judgment action alleging that land sought to be annexed was not contiguous to the city's boundaries. *Reafsnyder v. City of Warsaw* (1973), 155 Ind.App. 455, 293 N.E.2d 540, 543. We treated appellant's claim as a direct jurisdictional attack on the city's common council. *Id.* Seven years later we examined landowners' attempt to raise by declaratory judgment the city's failure to implement its fiscal plan within three years.[2] *Langbehn,* 413 N.E.2d at 683. In *Langbehn,* we allowed landowners to challenge the lack of a written fiscal plan prior to annexation without meeting the requirements for remonstrance. *Id.* We stated that if the Langbehns were denied standing to raise the

(2) the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory.

2. I.C. § 18–5–10–32.5 (current version at I.C. § 36–4–3–16 (West Supp.1994)) grants a person paying taxes on property located within the an-

nexed area the right to bring suit against the annexing town if it has failed to implement the fiscal plan to provide services to the area within three years as required by I.C. § 18–5–10–32(c) (current version at I.C. § 36–4–3–13 (West Supp. 1994).

lack of a written fiscal plan, then the protection afforded by I.C. § 18–5–10–32.5 would be meaningless. *Id.*

■ Landowners in the present case do not present a jurisdictional challenge. Nor do they claim the city failed to adopt a written plan prior to annexation. Rather, they ask the judiciary to examine the adequacy of the city's written fiscal plan. Our supreme court has stated that the plan must be "sufficiently specific to enable the landowners to determine whether the services promised have been provided." *City of Hobart, Indiana v. Chidester* (1992), Ind., 596 N.E.2d 1374, 1378, *reh'g denied, appeal after remand,* 631 N.E.2d 908 (1994). The court examined the adequacy of the plan in question, however, through remonstrance. *Id.* at 1375. Thus, *City of Hobart* does not support landowners' position. We conclude that the *merits* of landowners' complaint may be addressed only through a valid remonstrance. Therefore, the trial court properly dismissed appellants' complaint for declaratory judgment.

Judgment is AFFIRMED.

HOFFMAN, J., concurs.

KIRSCH, J., dissents and files separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent. Although the merits of a plan of annexation may be challenged only through remonstrance proceedings, declaratory judgment proceedings are appropriate to challenge the jurisdiction of the annexing authority and its compliance with legally imposed conditions precedent for valid annexation. *Langbehn v. Town of Merrillville* (1980), Ind.App., 413 N.E.2d 680. By their declaratory judgment action, the landowners challenge the jurisdiction of the City of Fort Wayne to adopt an annexation ordinance which delays its implementation for almost eight years. Such a challenge may be brought by way of declaratory pro-

ceedings. I would reverse the trial court's order of dismissal.