**Linda SONS, et al, Appellants–Plaintiffs,**

**v.**

**The CITY OF CROWN POINT, Indiana,**
**Appellee–Defendant.**

No. 45A04–9703–CV–80.

Court of Appeals of Indiana.

Feb. 13, 1998.

Edward P. Grimmer, Judith A. Reichmuth, Crown Point, for Appellants–Plaintiffs.

John M. Kopack, Kopack & Associates, Merrillville, for Appellee–Defendant.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Linda Sons, et al, (remonstrators) appeal the trial court's order dismissing their complaint for remonstrance against the annexation of their property to the City of Crown Point. The dispositive issue presented on appeal is whether the trial court erred by dismissing the remonstrance complaint for lack of subject matter jurisdiction.[1]

We affirm.

### FACTS

On May 7, 1993, the Crown Point City Council held an emergency meeting and enacted Ordinance 1671, which annexed certain territory along the eastern boundary of the City of Crown Point. Ordinance 1671 provides that "said annexed territory shall be zoned per the attached zoning map and the Master Zoning Map of the City of Crown Point is hereby amended to reflect the addition to this property." (R. 37). Attached to the ordinance was a zoning map, which identified the boundaries of the annexed territory and the proposed zoning within the annexed area. On the same day, the Crown Point City Council also enacted Resolution 730, which approved a detailed written fiscal plan for the annexed area.

At the city council's next regular monthly meeting held on May 10, 1993, the city council enacted Ordinance 1672, annexing the same territory as Ordinance 1671. Like Ordinance 1671, Ordinance 1672 attached and incorporated a zoning map depicting the boundaries of the annexed territory and the zoning within the annexed area. The Crown Point City Council also enacted Resolution 731, approving the same fiscal plan approved in Resolution 730.

On May 13, 1993, the City of Crown Point directed two local newspapers to publish its

---

1. The remonstrators also raise the issue of whether the trial court erred in denying their motion for summary judgment. We need not address this issue because we find that the trial court lacked subject matter jurisdiction over the remonstrance complaint.

Legal Notice of Publication, which provided the legal description of the annexed territory contained in the ordinances and stated that "said annexed territory· shall be zoned per the attached zoning map and the Master Zoning Map of the City of Crown Point is hereby amended to reflect the addition of this property." (R. 247, 249).

On July 9, 1993, the remonstrators filed a remonstrance complaint with an attached petition signed by 126 individuals alleged to be landowners within the annexed territory. On November 22, 1993, the remonstrators filed a motion for summary judgment, arguing that the annexation was void for lack of a sufficient legal description of the annexed area. After a hearing, the trial court denied the remonstrators' motion for summary judgment. On May 26, 1994, the trial court denied the remonstrators' request for certification for interlocutory appeal.

On February 7, 1997, the City of Crown Point filed a motion to dismiss for lack of subject matter jurisdiction, contending that the petition of remonstrators did not contain a sufficient number of annexed territory landowner signatures to maintain the remonstrance action. The City of Crown Point submitted evidence that only 76 of the 126 remonstrators were actually landowners in. the annexed territory. In addition, the City of Crown Point submitted copies of 23 "Withdrawal of Remonstrance to Annexation" forms executed by landowners in the annexed territory. After a hearing, the trial court granted the City of Crown Point's motion to dismiss, finding that the remonstrance petition failed to contain the signatures of a sufficient number of landowners in the annexed territory to maintain this action and that it lacked subject matter jurisdiction to entertain the remonstrators' petition.

## DECISION

Remonstrators contend that the trial court erred in granting the City of Crown Point's motion to dismiss for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. *Perry v. Stitzer Buick GMC, Inc.,* 637 N.E.2d 1282, 1286 (Ind.1994), *reh'g denied.* In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court

may resolve factual disputes. *Id.* The court has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and it is well established that in doing so it may consider not only the complaint and motion but any affidavits or other evidence submitted. *Id.* at 1286–87. Moreover, when considering a motion to dismiss for want of subject matter jurisdiction, a court may weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id.* at 1287.

Subject matter jurisdiction is "the power to hear and determine cases of the general class to which the proceedings then before the court belong." *Mishler v. County of Elkhart,* 544 N.E.2d 149, 151 (Ind.1989)(quoting *Myers v. Sell,* 226 Ind. 608, 613, 81 N.E.2d 846, 847 (1948)). Subject matter jurisdiction. cannot be waived or conferred by agreement. *Santiago v. Kilmer,* 605 N.E.2d 237, 239 (Ind.Ct.App.1992), *reh'g denied; trans. denied.* This rule applies to the specific jurisdictional averments necessary to maintain the proceeding. *Id.* Specific jurisdictional averments must be made in the case of special statutory proceedings. *Id.*

Ind.Code § 36–4–3–11(a) provides the specific averments necessary for a remonstrance to be valid and confer subject matter jurisdiction on the court. *Id.* I.C. § 36–4–3–11(a) reads as follows:

Whenever territory is annexed by a municipality under this chapter, the annexation may be appealed by filing with the circuit or superior court of a county in which the annexed territory is located a written remonstrance signed by:

(1) A majority of the owners of land in the annexed territory; or

(2) The owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory.

In a contest of the propriety of annexation, the trial court is charged with first determining whether the remonstrance contains the necessary signatures. I.C. § 36–4–3–11(b). Should the remonstrance be found insufficient, then the trial court is without subject matter jurisdiction over the action and cannot proceed further. *Matter of An-*

*nexation Proposed by Ordinance No. X–01– 93*, 654 N.E.2d 284, 286 (Ind.Ct.App.1995), *trans. denied.*

■ Here, a certified list of landowners obtained from Lake County Auditor Anna Anton revealed that, at the time of the remonstrance complaint, the annexed territory contained 198 landowners and 247 separate parcels of land with a total assessed valuation of $3,045,600. Although the initial complaint contained 126 signatures, the City of Crown Point submitted evidence that 16 of the signatures on the petition did not appear on the auditor's list as being landowners within the annexed area. Also, numerous signatures on the remonstrance petition were made by either husband and wife or joint tenants of the same parcel of property in the annexed area. I.C. § 36–4–3–11 provides that "[o]nly one (1) person having an interest in each single property ... is considered a landowner for purposes of this section." Accordingly, the total number of landowners in the annexed territory who signed the remonstrance petition was reduced to 76. The Center Township Assessor Martha Wheeler testified that these 76 remonstrators constituted only 38% of the total number of landowners and 51.5% of the total assessed valuation of the annexed area. Finally, 23 remonstrators withdrew their names from remonstrance petition, leaving only 53 remonstrators. Therefore, the remonstrators did not have the requisite signatures or property valuation to have standing for their remonstrance complaint, and the trial court did not err in dismissing the complaint for lack of jurisdiction.

■ Nevertheless, the remonstrators contend that the trial court had subject matter jurisdiction because it had implicitly found a sufficient number of petitioners to the remonstrance complaint when it ruled upon the remonstrators' motion for summary judgment and issued an order setting the cause for trial. This court has held that the issue of subject matter jurisdiction can be raised at any time, even on appeal. *Albright v. Pyle*, 637 N.E.2d 1360, 1363 (Ind.Ct.App. 1994). Thus, even if the trial court had made an earlier ruling, nothing precluded the trial court from subsequently dismissing the remonstrance complaint based upon lack of jurisdiction.

The remonstrators also contend that the City of Crown Point was precluded from challenging subject matter jurisdiction for insufficient remonstrance because the City of Crown Point failed to timely raise the issue or it agreed that there was no challenge to the sufficiency of the remonstrance. However, subject matter jurisdiction cannot be waived or conferred by agreement. *Santiago*, 605 N.E.2d at 239.

■ The remonstrators next contend that the legal description in the ordinances of the proposed annexed territory was so deficient that it was impossible for the trial court to determine what constituted the proposed annexed land. Consequently, the remonstrators argue, the trial court could not identify the owners of that territory or make a valuation of the property within it. In effect, the remonstrators contend that it was not possible for the trial court to determine whether it had subject matter jurisdiction.

■ It is well settled that misdescriptions in an annexation ordinance may be disregarded where the boundaries of the annexation territory are evident from a fair and reasonable construction of the ordinance without result to parol evidence. *Matter of Ordinance to Annex Certain Territory to the City of Fort Wayne*, 642 N.E.2d 524, 529 (Ind.Ct.App.1994), *reh'g denied, trans. denied.* In *Woerner v. City of Indianapolis*, 242 Ind. 253, 177 N.E.2d 34 (1961), *cert. denied* 368 U.S. 989, 82 S.Ct. 605, 7 L.Ed.2d 526 (1962), our supreme court stated that "if the territory annexed was described in the ordinance sufficiently to conform to the requirements of notice, and it is so described that it can be identified from intrinsic records by one skilled in such matters, the description may be considered sufficient for the purpose of the particular proceedings." 177 N.E.2d at 39.

Here, it is undisputed the legal description of the annexed territory contains three ambiguities or typographical errors. However, James W. Fortner, a licensed land surveyor, examined the written legal description contained in Ordinances 1671 and 1672 and concluded that although the description contain "some minor ambiguities" or "typographical errors," the description, when read in its

entirety with all qualifiers and clarifiers, sufficiently describes the annexed territory. Fortner referenced to specific language in the legal description which eliminated the ambiguities. Fortner also noted that the maps referred to in each ordinance help clarify the legal description of the boundaries of the territory being annexed. Consequently, Fortner was able to identify the annexed territory relying solely on the intrinsic record. Based upon our review of the entire legal description of the annexed territory contained in the ordinances, we also find that the territory was sufficiently described notwithstanding the minor ambiguities and typographical errors. Therefore, we conclude that it was possible for the trial court to determine what constituted the annexed territory.

As a final argument, the remonstrators cite *Langbehn v. Town of Merrillville,* 413 N.E.2d 680 (Ind.Ct.App.1980), for the proposition that their complaint can be understood to raise a claim for declaratory judgment that the ordinance should be declared invalid. In *Langbehn,* property owners in an area to be annexed brought a declaratory judgment action challenging the validity of the ordinance by which the town sought to annex property. We allowed the property owners to challenge the lack of a written fiscal plan prior to annexation through a declaratory action without meeting the requirements for remonstrance. *Id.* at 683. We noted that if the property owners were denied standing to raise the lack of a written fiscal plan, then the protection afforded by Ind.Code § 18–5–10–32.5 would be meaningless. *Id.*

*Langbehn* is clearly distinguishable and does not support the remonstrators' argument. First, unlike the property owners in *Langbehn,* the remonstrators in the present case did not file an action for declaratory relief. We fail to find any language in the complaint which could be construed as a prayer for declaratory relief. Also, unlike the property owners in *Langbehn,* the remonstrators do not claim that the City of Crown Point failed to adopt a written fiscal plan prior to annexation.

We therefore conclude that the trial court did not err by dismissing the remonstrance complaint for lack of subject matter jurisdiction.

We affirm.

BARTEAU, J., and RATLIFF, Senior Judge, concur.