**In re Petition in Opposition to ANNEXATION ORDINANCE F–2008–15, Appellants–Petitioners,**

v.

**The CITY OF EVANSVILLE, Appellee–Defendant.**

**No. 82A05–1102–PL–84.**

Court of Appeals of Indiana.

Oct. 6, 2011.

---

Leslie C. Shively, Shively & Associates, P.C., Evansville, IN, Attorney for Appellants.

James L. Peterson, Hillary G. Buttrick, Brian J. Paul, Ice Miller LLP, Indianapolis, IN, David L. Jones, Jones Wallace, LLC, Evansville, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellants–Petitioners (hereinafter "Remonstrators") appeal the trial court's order denying their motion to correct error and dismissing their challenge to the proposed annexation of certain parcels of land by Appellee–Respondent the City of Evansville ("the City"). We affirm.

### FACTS AND PROCEDURAL HISTORY

On September 19, 2008, the City filed City of Evansville, Indiana Ordinance Number F–2008–15 ("Annexation Ordinance") with the City Clerk. The City provided notice via publication in the Evansville Courier & Press on October 7, 2008, and to the affected landowners by certified mail on October 8, 2008, that it intended to annex certain parcels of land as outlined in the Annexation Ordinance. On December 15, 2008, the City held a public hearing regarding the Annexation Ordinance. The City subsequently amended the Annexation Ordinance ("Amended Annexation Ordinance") on January 26, 2009, to reduce the amount of territory contained in the proposed annexation, and adopted the Amended Annexation Ordinance. On March 13, 2009, the Amended Annexation Ordinance was published.

The Remonstrators filed a combined remonstrance petition and complaint for declaratory relief on May 20, 2009. On October 23, 2009, the City filed a motion to dismiss the Remonstrators' challenge to the proposed annexation, claiming that the trial court lacked subject matter jurisdiction over the Remonstrators' petition because the Remonstrators had failed to secure the required number of signatures in support of their remonstrance and that the Remonstrators could not pursue declaratory relief. On or about February 1, 2010, the Remonstrators responded to the

City's motion to dismiss, asserting that they had secured the required number of signatures in support of their remonstrance, and filed a motion for partial summary judgment. On May 13, 2010, the parties stipulated that October 8, 2008, would be the fixed date "for determination of parcel numbers and assessed valuation within the annexed area for determination of participating owners by number or assessed value as required by [Indiana Code section] 36–3–4–11(a)." Appellee's App. p. 117. Following the entry of the stipulation, both parties submitted supplemental briefs and evidence in support of their respective positions.

On October 14, 2010, the trial court dismissed the remonstrance and entered partial summary judgment in favor of the City in the declaratory judgment action. Both the City and the Remonstrators subsequently requested that the trial court reconsider its October 14, 2010 ruling.[1] On January 21, 2011, the trial court granted the City's motion to reconsider, denied the Remonstrators' request that the trial court reconsider its prior ruling, dismissed the Remonstrators' declaratory judgment action for lack of jurisdiction, and entered final judgment against the Remonstrators and for the City. This appeal follows.

## DISCUSSION AND DECISION

### I. Indiana Annexation Law

### A. Background Information

Indiana adopted its first annexation statute in 1824. *City of Carmel v. Certain Sw. Clay Tp. Annexation Territory Landowners*, 868 N.E.2d 793, 796 (Ind.2007). "Indiana's annexation laws have evolved over time, but the object of annexation has remained the same: 'to permit annexation of adjacent urban property.'" *Id.* (quoting *Rogers v. Mun. City of Elkhart*, 688 N.E.2d 1238, 1242 (Ind.1997)). "The statutory framework has also retained the same three stages: '(1) legislative adoption of an ordinance annexing of certain territory and pledging to deliver certain services within a fixed period, (2) an opportunity for remonstrance by affected landowners, and (3) judicial review.'" *Id.* (quoting *City of Hobart v. Chidester*, 596 N.E.2d 1374, 1375 (Ind.1992)).

With respect to the effect annexation has on the interests of landowners, the Indiana Supreme Court has held as follows:

> [N]o property is taken from the owner, by annexation, no private right of the owner is affected; the act simply changes the property and its owner, in their civil relation to certain public authority. This power the State has the right to exercise, directly or indirectly, within constitutional limits, at any time.

*Stilz v. City of Indianapolis*, 55 Ind. 515, 523 (1877).

In short, "annexation of territory to a city is not a taking of the property, nor does it deprive any person of his property." *Taggart v. Claypool*, 145 Ind. 590, 596, 44 N.E. 18, 20 (1896). Property owners therefore have no vested interest in the maintenance of municipal boundaries at any particular location. *Forks v. City of Warsaw*, 257 Ind. 237, 273 N.E.2d 856 (1971), *cert. denied*, 409 U.S. 841, 93 S.Ct. 39, 34 L.Ed.2d 80 (1972).

*Bradley v. City of New Castle*, 764 N.E.2d 212, 215 (Ind.2002).

---

1. The Remonstrators' request was treated as a motion to correct error, and the City's request was treated as a motion to reconsider.

## B. Standard of Review

The General Assembly has delegated part of its power to re-establish and change governmental unit boundaries to local legislatures. *Id.* at 216 (citing *Perry Twp. v. Indpls. Power & Light Co.*, 224 Ind. 59, 64 N.E.2d 296 (1946)). Thus, annexation is an essentially legislative function. *Id.* at 215 (citing *Rogers*, 688 N.E.2d at 1239). It is subject to judicial review only as provided by statute. *Rogers*, 688 N.E.2d at 1242; *City of Carmel*, 868 N.E.2d at 797. Therefore, a remonstrator's challenge to annexation is not a regular lawsuit, but rather a special proceeding that the General Assembly may control. *Bradley*, 764 N.E.2d at 215.

There are only two methods of challenging annexation by a municipality. *Chem. Waste Mgmt. of Ind., LLC v. City of New Haven*, 755 N.E.2d 624, 631 (Ind. Ct.App.2001). "The first, remonstrance, 'is the exclusive manner for landowners [of the annexation area] to obtain relief from annexation proceedings.'" *Id.* (quoting *Deaton v. City of Greenwood*, 582 N.E.2d 882, 885 (Ind.Ct.App.1991)). "The second, a declaratory judgment suit, is 'available only to taxpayers of the annexing city.'" *Id.* (quoting *Deaton*, 582 N.E.2d at 885).

Indiana Code sections 36–4–3–11 through –13 establish requirements for remonstrances, give trial courts authority to hear and enter judgment on remonstrances, and direct courts to order annexation provided that the city meets specified requirements on matters such as contiguity and has adopted a fiscal plan showing that it will provide municipal services to the annexed area that are equivalent to those enjoyed by residents in similar areas of the municipality. *Bradley*, 764 N.E.2d at 215–16. Once a remonstrance has been filed, the trial court's role is to decide whether the municipality has operated within its authority and satisfied the statutory conditions for annexation. *Id.* at 216 (citing *Rogers*, 688 N.E.2d at 1239–40). The municipality bears the burden of showing compliance with the requirements of the annexation statute at the remonstrance hearing. *Id.*

Once the trial court has decided whether to approve an annexation ordinance, either the municipality or the remonstrators may appeal. *Rogers*, 688 N.E.2d at 1240. When a trial court enters special findings, we review issues of fact for sufficiency of the evidence and look to the record only for evidence favorable to the judgment. *Bradley*, 764 N.E.2d at 216. We do not set aside findings and judgments unless they are clearly erroneous. *Id.* We review questions of law de novo. *Id.* However, we afford legislative judgment considerable deference on appeal, and avoid scrutinizing legislative processes, even those that are constitutionally mandated and we do not abandon our deferential approach simply because the state legislature has delegated a legislative function to subordinate agents, the municipalities. *Id.* (citing *State ex rel. Masariu v. Marion Sup. Court No. 1*, 621 N.E.2d 1097, 1098 (Ind.1993)); *see also Roeschlein v. Thomas*, 258 Ind. 16, 280 N.E.2d 581 (1972).

## C. Relevant Statutory Authority

The legislative body of a municipality may, by an ordinance defining the corporate boundaries of the municipality, annex territory that is contiguous to the municipality. Ind.Code §§ 36–4–3–3 and 36–4–3–4(a)(1). After an ordinance proposing annexation has been adopted, the ordinance must be published in accordance with the publication procedures set forth

in Indiana Code chapter 5–3–1.[2] Property owners of the parcels included in the proposed annexation may then challenge the proposed annexation by filing a remonstrance within ninety days.

Indiana Code section 36–4–3–11 describes the procedure by which property owners of parcels included in a proposed annexation may challenge the proposed annexation. Indiana Code section 36–4–3–11 provides, in relevant part, that:

> [W]henever territory is annexed by a municipality . . . the annexation may be appealed by filing with the circuit or superior court of a county in which the annexed territory is located a written remonstrance signed by:
>
> (1) at least sixty-five percent (65%) of the owners of land in the annexed territory; or
>
> (2) the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory.
>
> The remonstrance must be filed within ninety (90) days after the publication of the annexation ordinance under section 7 of this chapter, must be accompanied by a copy of that ordinance, and must state the reason why the annexation should not take place.
>
> (b) On receipt of the remonstrance, the court shall determine whether the remonstrance has the necessary signatures. In determining the total number of landowners of the annexed territory and whether signers of the remonstrance are landowners, the names appearing on the tax duplicate for that territory constitute prima facie evidence of ownership. Only one (1) person having an interest in each single property, as evidenced by the tax duplicate, is considered a landowner for purposes of this section.
>
> (c) If the court determines that the remonstrance is sufficient, it shall fix a time, within sixty (60) days of its determination, for a hearing on the remonstrance. Notice of the proceedings, in the form of a summons, shall be served on the annexing municipality. The municipality is the defendant in the cause and shall appear and answer.

If a timely remonstrance is filed, the circuit or superior court shall hear and determine the remonstrance without a jury, and, without delay, enter judgment on the question of the annexation according to the evidence introduced by the parties. Ind. Code § 36–4–3–12. "Pending the remonstrance, and during the time within which the remonstrance may be taken, the territory sought to be annexed is not considered a part of the municipality." Ind.Code § 36–4–3–14.

If the trial court orders the proposed annexation to take place, "the annexation is effective when the clerk of the municipality complies with the filing requirements of [Indiana Code section 36–4–3–22(a)]." Ind.Code § 36–4–3–15(f). Indiana Code section 36–4–3–22(a) provides that the clerk of the municipality shall:

> (1) File each annexation ordinance . . . or the certified copy of a judgment ordering an annexation to take place with each of the following:
>
> (A) The county auditor of each county in which the annexed territory is located.
>
> (B) The circuit court clerk of each county in which the annexed territory is located.

2. These procedures require publication in a newspaper or qualified publication that is published in the municipality as well as publication on the newspaper or qualified publication's website. See Ind.Code §§ 5–3–1–1.5 and 5–3–1–2.

(C) If a board of registration exists, the registration board of each county in which the annexed territory is located.

(D) The office of the secretary of state.

(E) The office of census data established by IC 2–5–1.1–12.2.

(2) Record each annexation ordinance adopted under this chapter in the office of the county recorder of each county in which the annexed territory is located.

The clerk must complete the requirements of Indiana Code section 36–4–3–22(a) no later than ninety days after the delivery of the trial court's order that the proposed annexation take place. Ind.Code § 36–4–3–22(b).

## II. Whether the Trial Court Erred in Denying the Remonstrators' Challenge to the Proposed Annexation

### A. The Remonstrators' Challenge is Moot

On appeal, the Remonstrators contend that the trial court erred in denying their challenge to the proposed annexation of certain parcels by the City. The City, however, argues that the Remonstrators' appeal should be dismissed as moot because the annexation has become effective, making the annexed parcels part of the City, and, as such, there is no effective relief that this court can render to the Remonstrators.

The long-standing rule in Indiana has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. *A.D. v. State,* 736 N.E.2d 1274, 1276 (Ind.Ct.App. 2000). When a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved, the case will be dismissed. *Id.* The existence of an actual controversy is an essential requisite to appellate jurisdiction. *Bremen Public Schools v. Varab,* 496 N.E.2d 125, 126 (Ind.Ct.App.1986). Although we prefer not to issue advisory opinions, we may decide an arguably moot case on its merits if it involves questions of great public interest. *A.D.,* 736 N.E.2d at 1276. Nevertheless, this public interest exception may only be invoked upon the existence of three elements: the issue concerns a question of great public importance which is likely to recur in a context which will continue to evade review. *Haggerty v. Bloomington Bd. of Public Safety,* 474 N.E.2d 114, 116 (Ind. Ct.App.1985).

*DeSalle v. Gentry,* 818 N.E.2d 40, 48–49 (Ind.Ct.App.2004).

In the instant matter, the trial court (1) denied the Remonstrators' request that it reconsider its prior ruling dismissing the remonstrance and entering partial summary judgment in favor of the City in the declaratory judgment action; (2) granted the City's motion to reconsider; (3) dismissed the Remonstrators' declaratory judgment action for lack of jurisdiction; and (4) entered final judgment against the Remonstrators and for the City on January 21, 2011. The clerk of the City completed each of the requirements set forth in Indiana Code section 36–4–3–22(a) on or before February 11, 2011, making the annexation effective as of that date. *See* Ind.Code § 36–4–3–15(f). The Remonstrators filed their Notice of Appeal on February 18, 2011. The Remonstrators did not request a stay of the annexation prior to February 11, 2011 or February 18, 2011, but rather waited until April 4, 2011, to do so.

The City argues that this court cannot grant the Remonstrators any effective relief because the Remonstrators failed to request a stay or file a notice of

appeal before the annexation became effective on February 11, 2011, and, as a result, this court cannot order disannexation. Upon review, we must agree. In *City of Indpls. v. Producers Realty, Inc.*, 240 Ind. 507, 511, 166 N.E.2d 648, 650 (1960), the Indiana Supreme Court was "asked [by the municipality] to stay the permanent injunctions which prevent[ed] the [municipality] from proceeding further in the annexation of certain specified territory in Center Township." In denying the municipality's request, the Indiana Supreme Court held that "[t]o stay the operation of the injunction pending an appeal on its merits would give the city the opportunity to proceed with the annexation and thus create a *fait accompli* [3] by the time the appeal could be determined-thus presenting issues [for review] which might be moot." *Id.*, 166 N.E.2d at 650.

From this holding, we infer that the Indiana Supreme Court recognized that challenges to a proposed annexation will become moot if the annexation becomes effective before a review of the matter can be completed absent an injunction or stay ordering that a municipality may not proceed with a proposed annexation pending appeal. *See id.*, 166 N.E.2d at 650. We also infer that the Indiana Supreme Court recognized that following a favorable ruling by the trial court, a municipality may proceed with a proposed annexation unless there is an injunction or stay ordering a municipality not to. *See id.*, 166 N.E.2d at 650. These inferences are supported by our opinion in *In re Petition to Annex Approximately 7,806 Acres of Real Estate into the City of Jeffersonville*, 891 N.E.2d 1157, 1160 (Ind.Ct.App.2008), in which we noted that the trial court granted the remonstrators' request for a stay, ordering

that the municipality "shall not pursue any efforts to annex [the parcel] while the appeal of [the trial court]'s prior ruling is pending."

In light of the above-stated inferences that we gleaned from the Indiana Supreme Court's holding in *Producers Realty*, we conclude that the Remonstrators' challenges to the annexation of the parcels of land at issue are moot because the annexation has become effective. In order to preserve the instant challenge to the trial court's order, the Remonstrators should have requested a stay of the annexation pending appeal following the January 21, 2011, adverse ruling by the trial court. By failing to do so, the Remonstrators risked that the City might, and indeed did, pursue the necessary steps to make the annexation effective, thus making the issues presented in their appeal moot.

Furthermore, we agree with the City's contention that this court could not grant the Remonstrators effective relief once the annexation took effect because this court does not have the statutory authority to order disannexation. The Indiana Supreme Court has long held that "the creation, enlarging, and contraction of the boundaries of municipal corporations are legislative, and not judicial functions, and may be exercised by the legislature without the consent, and against the remonstrance of those interested." *Woolverton v. Town of Albany*, 152 Ind. 77, 78, 52 N.E. 455, 456 (1899). The Indiana General Assembly has provided the exclusive means to disannex or contract municipal boundaries in Indiana Code sections 36–4–3–16 through 36–4–3–20. In these sections, the General Assembly has granted courts the authority to order disannexation in matters where no party has filed a disannexa-

---

3. The term *fait accompli* means "a deed accomplished." BLACK'S LAW DICTIONARY 634 (8th ed. 2004).

tion petition with the works board of the municipality under only one circumstance, that being when the municipality has failed to implement the planned services of either noncapital or capital nature within one year after the time allotted by statute. *See* Ind.Code § 36–4–3–16. Here, neither party has filed a disannexation petition with the works board of the City, and the Remonstrators have not alleged that the City has failed to implement planned services within one year after the time allotted by statute. Accordingly, this court does not have the statutory authority to order the disannexation of the challenged parcels, and as such, cannot grant the Remonstrators effective relief. *See Bradley*, 764 N.E.2d at 215 (providing that orders approving annexation are subject to judicial review only as provided by statute).

▆▆▆▆ Finally, we conclude that the public interest exception[4] to the mootness doctrine does not apply to the instant matter because the annexation of the parcels at issue here is not a question of great public importance and the issues presented here are not likely to recur in a context that will continue to escape review. *See DeSalle*, 818 N.E.2d at 49. As previously mentioned, the Indiana Supreme Court has long held that landowners have no vested interest in maintaining any particular municipal boundaries and that the object of Indiana's annexation laws is to permit annexation of adjacent urban property. *Bradley*, 764 N.E.2d at 215 (citing *Forks*, 257 Ind. at 239, 273 N.E.2d at 858, and *Stilz*, 55 Ind. at 523). Accordingly, we conclude that the instant matter does not present a question of great public impor-

tance. In addition, annexation determinations turn squarely on the unique facts of each case in conjunction with the specific statutory requirements set forth in Indiana Code chapter 36–4–3 *et seq.* Therefore, we conclude that the questions presented on appeal in the instant matter are not likely to recur or continue to evade review.

### B. The Remonstrators' Challenge Fails on the Merits

Moreover, even assuming that the issues presented on appeal by the Remonstrators are not moot, we conclude that the Remonstrators' claims must fail. On appeal, the Remonstrators challenge the trial court's dismissal of both their remonstrance action and their declaratory judgment action. We will discuss each in turn.

#### 1. Remonstrance Action

The Remonstrators contend that the trial court erred in dismissing their remonstrance action upon determining that it lacked subject matter jurisdiction over the action. Specifically, the Remonstrators argue that the trial court erred in dismissing the remonstrance action because the remonstrance petition included the signatures of the landowners of the required 65% of the affected parcels.[5] The City, however, argues that at most, the landowners of 62.78% of the affected parcels are remonstrating.

▆▆▆ In the past, we have referred to the failure of a remonstrance petition to contain the required number of signatures as depriving the trial court of subject matter jurisdiction. *City of Kokomo ex rel.*

---

4. While we fully understand that this matter is of great public interest to the Remonstrators, the public interest exception as contemplated by the law involves a public interest to the greater general public.

5. The Remonstrators do not allege that their remonstrance petition included the signatures of 75% of owners by assessed valuation as required by Indiana Code section 36–3–4–11(a).

*Goodnight v. Pogue,* 940 N.E.2d 833, 836 (Ind.Ct.App.2010) (citing *Sons v. City of Crown Point,* 691 N.E.2d 1237, 1239 (Ind. Ct.App.1998)). However, "[i]n recent years, our supreme court has clarified the concept of subject matter jurisdiction, while discarding the phrase 'jurisdiction over the case.'" *Id.* (citing *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006)).

Specifically, "[s]ubject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." *Id.* In light of *K.S.,* we have rejected *Sons* and held, "A more accurate portrayal of Ind. Code § 36–4–3–11(a) is that it provides the procedural prerequisites to the trial court's exercise of subject matter jurisdiction over remonstrance proceedings." *In re Petition to Annex Approximately 7,806 Acres of Real Estate into City of Jeffersonville,* 891 N.E.2d 1157, 1161 (Ind.Ct.App.2008), *trans. denied.* In other words, there is no question here that the trial court had subject matter jurisdiction over remonstrance proceedings generally. The only question is whether this particular remonstrance proceeding was invalid due to an inadequate number of signatures. That does not directly impact the trial court's subject matter jurisdiction.

However, it is true that for procedural purposes, challenges to a party's failure to meet the prerequisites for a remonstrance proceeding may be brought either under Indiana Trial Rule 12(B)(1) for lack of jurisdiction or 12(B)(6) for failure to state a claim, depending upon whether the claimed defect is apparent on the face of the complaint. *Id.* at 1160.

*Id.* at 836–37. In the instant matter, the trial court dismissed the Remonstrators' challenges under Indiana Trial Rule 12(B)(1) for lack of jurisdiction.

The standard of review for a motion to dismiss under Rule 12(B)(1) is dependent upon what occurred in the trial court, *i.e.,* (1) whether the trial court resolved disputed facts, and (2) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "'paper record.'" *Id.* at 837 (quoting *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001)). If the trial court resolves disputed facts after an evidentiary hearing, we will reverse its judgment only if it is clearly erroneous. *Id.* If, by contrast, the trial court does not resolve any disputed facts, or if it makes factual findings based entirely on a paper record, then we review the trial court's ruling de novo. *Id.* Here, to the extent the trial court resolved any evidentiary disputes, it did so entirely on the basis of a paper record. Thus, our review of the trial court's ruling is de novo.

It is undisputed that the parties stipulated that "October 8, 2008, should be fixed as the date for determination of the number of parcels and assessed valuation occurring in the annexed area for application of the signature requirement of 65% of owners by number or 75% of owners by assessed valuation as required by [Indiana Code section] 36–3–4–11(a)." Appellee's App. p. 117. Following this stipulation, the City designated the affidavit of James Gowen, a deputy with the Vanderburgh County Assessor's Office who determined that as of October 8, 2008, there were 884 parcels of land included in the proposed annexation area.[6] It is also undisputed that the Remonstrators' petition included the signatures of the owners of only 555 of parcels on appeal.

6. The Remonstrators do not appear to challenge Gowen's findings regarding the affected

the 884 parcels. Therefore, on its face, the remonstrance petition includes only 62.78% of the affected parcels, well short of the 65% required by Indiana Code section 36–3–4–11(a).[7]

The remonstrators attempt to circumvent their failure to meet the 65% requirement by arguing that the City should have sent subsequent notice to the affected landowners and should have conducted a new public hearing after amending the original Annexation Ordinance on January 26, 2009. The Remonstrators, however, do not provide any relevant authority in support of their position. In addition, the Remonstrators do not show that any additional parcels were included in the Amended Annexation Ordinance that were not sent notice under the original Annexation Ordinance or invited to the public hearing that was conducted on December 15, 2008. In fact, the record demonstrates that there were no additional parcels included in the Amended Annexation Ordinance. Accordingly, we conclude that the trial court did not err in dismissing the remonstrance action because the petition did not meet the 65% requirement set forth in Indiana Code section 36–3–4–11(a).

## 2. Declaratory Judgment Action

■ The Remonstrators also contend that the trial court erred in dismissing their declaratory judgment action. Again, annexation is subject to judicial review only as provided by statute. *City of Boonville v. Am. Cold Storage,* 950 N.E.2d 764, 769 (Ind.Ct.App.2011). As a general rule, a remonstrance is the exclusive means available to landowners within an annexed area for challenging an annexation proceeding. *Id.*

■ Declaratory judgment actions are for the most part available only to taxpayers of the annexing city. *Id.* However, we have recognized two exceptions to the general rule, (1) "where 'plausible claims of fraud or discrimination are established'" or (2) "where the annexing municipality commits procedural wrongs so severe that remonstrators' substantial rights are violated." *Id.* (*quoting Matter of the Annexation Proposed by Ordinance No. X–01–95,* 774 N.E.2d 58, 64 (Ind.Ct.App.2002)). This court has noted that in *Bradley,* the Indiana Supreme Court "made it very clear that absent fraud, discrimination, or impairment of the remonstrator's substantial rights, judicial review' shall not extend beyond the confines of [Indiana Code sections 36–4–3–11 through –13].'" *Id.* (quoting *In re Ordinance No. X–01–95,* 774 N.E.2d at 65). This court has also concluded that, as far as remonstrators are concerned, the scope of review set forth in *Bradley* is applicable to declaratory judgment actions. *Id.*

In *American Cold Storage,* the remonstrators filed an action seeking declaratory relief, alleging deficiencies in notice, a failure to include a legal description of the proposed annexed area proving that the proposed area was contiguous to a public highway, and that the ordinance failed to contain equitable terms and conditions. *Id.* at 770. Upon review, this court concluded that these issues could not be brought in a declaratory judgment action and that the remonstrators' declaratory judgment action should be dismissed. *Id.* (citing *Matter of the Annexation Proposed by Ordinance No. X–02–93,* 652 N.E.2d 878, 880 (Ind.Ct.App.1995) (holding that the merits of the landowners' complaints about the annexation can be addressed

---

**7.** Because the 555 signatures fall short of the requirement that a remonstrance petition include the signatures of the landowners of 65% of the affected parcels, we need not consider the validity of the forty-five signatures challenged by the City.

only through a valid remonstrance, not a declaratory judgment action)).

Likewise, in the instant matter, the Remonstrators allege that the City failed to comply with Indiana Code section 36–4–3–8, which requires that an annexation ordinance include equitable terms and conditions, and to comply with statutory notice requirements following the amendments to the original annexation ordinance. The Remonstrators, however, do not explain how their substantial rights were violated by the alleged procedural defects. As such, we conclude that these issues could not be brought in a declaratory judgment action. *See id.* Accordingly, the trial court did not err in dismissing the Remonstrators' declaratory judgment action. *See id.*

The judgment of the trial court is affirmed.

ROBB, C.J., and BARNES, J., concur.