**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 08 2012, 9:49 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER S. KOVACS**
Stewart & Irwan, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
VEOLIA WATER INDIANAPOLIS, LLC
AND VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC:

**ROBERT T. MACGILL**
**T. JOSEPH WENDT**
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE THE CITY
OF INDIANAPOLIS, DEPARTMENT OF
WATERWORKS:

**KARL L. MULVANEY**
**BRIAN W, WELCH**
**CARL A. HAYES**
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JASON BOND, DAVID LEAR and LESLIE )
BRIDGES, individually and as class )
representatives of all those similarly situated, )
                                  )

    Appellants-Plaintiffs, )

              vs. )     No.  49A02-1202-CC-147

VEOLIA WATER INDIANAPOLIS, LLC, )
VEOLIA WATER NORTH AMERICA )
OPERATING SERVICE, LLC and THE )
CITY OF INDIANAPOLIS, DEPARTMENT )
OF WATERWORKS, )

    Appellees-Defendants. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-0804-CC-29304

**November 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

Jason Bond, David Lear, and Leslie Bridges, individually and as class representatives of all those similarly situated (collectively, the "Plaintiffs"), filed a complaint against Veolia Water North America Operating Service, LLC, and Veolia Water Indianapolis LLC (collectively, "Veolia"), and thereafter added the City of Indianapolis Department of Waterworks ("DOW") as a defendant. Plaintiffs alleged breach of contract, violation of the Deceptive Consumer Sales Act ("DCSA"), and unjust enrichment. The trial court granted Veolia's and DOW's motions to dismiss for lack of subject matter jurisdiction. Plaintiffs raise three issues for our review, one of which we find dispositive: whether the trial court erred in dismissing the case for lack of subject matter jurisdiction. Concluding that the trial court did not err, we affirm.

Facts and Procedural History

In 2002, DOW acquired a water system that exists to collect, purify, convey, treat, and store water, and to distribute it to customers in Central Indiana. After acquiring the water system, DOW entered into a twenty-year contract with Veolia's predecessor company to manage and operate the water treatment and distribution facilities of DOW. This includes managing and operating meter-reading, billing, and collection functions, and handling customer complaints and service requests. DOW agreed to be subject to the rules of the Indiana Utility Regulatory Commission ("IURC") related to rates and charges. The IURC approved DOW's rules, which are more commonly referred to as its tariff (the "Tariff"). The Tariff governs DOW's day-to-day operations and provision of services.

Included in the Tariff is a provision regarding billings, meter readings, and estimates:

> All metered accounts will be billed monthly. All meters will be read bimonthly . . . . Customers will be billed on the basis of estimated consumption for the first month of the reading period, and the second month will be billed on the basis of actual consumption for the total reading period, less the estimated consumption billed in the first month. . . . Estimated monthly consumption for interim billings will be based on a 12-month moving average or a seasonal average for the premises whenever such data are available.

Appellant's Appendix at 61.

In April 2008, Plaintiffs filed their initial complaint based upon their belief that rather than using the above quoted methodology to determine water bills, Veolia utilized a different methodology that resulted in higher water bills throughout a nine-year period. Additionally, they claim Veolia missed a number of meter readings, which also resulted in inflated billings. Veolia filed a motion to dismiss, and the trial court dismissed Plaintiffs' initial complaint.

3

Plaintiffs thereafter filed a second complaint, claiming breach of contract, violation of the DCSA, and unjust enrichment. Eventually, Veolia and DOW filed motions to dismiss the second complaint for lack of subject matter jurisdiction, and the trial court granted the motions. This appeal followed.

## Discussion and Decision

### I. Standard of Review

Our standard of review for a motion to dismiss depends upon what occurred in the trial court. Annexation Ordinance F-2008-15 v. City of Evansville, 955 N.E.2d 769, 779 (Ind. Ct. App. 2011), trans. denied. If the trial court does not resolve any disputed facts, or if it makes factual findings based entirely on a paper record, we review the ruling de novo. Id. If the trial court does resolve disputed facts or holds an evidentiary hearing, we will reverse the trial court's ruling only if it is clearly erroneous. Id. Here, the trial court did not conduct an evidentiary hearing and ruled based upon a paper record. We therefore apply a de novo standard of review.

### II. Subject Matter Jurisdiction

Subject matter jurisdiction is the power of a court to hear and determine a particular class of cases. K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006). "Failure to exhaust administrative remedies is a defect in subject matter jurisdiction." State ex rel. Atty. Gen. v. Lake Superior Court, 820 N.E.2d 1240, 1247 (Ind. 2005), cert. denied, 546 U.S. 927 (2005). Therefore, where an administrative remedy is available, the plaintiff must pursue that remedy before he or she will be allowed access to the courts. Sun Life Assur. Co. of Can. v. Ind.

4

Comprehensive Health Ins. Ass'n, 827 N.E.2d 1206, 1209 (Ind. Ct. App. 2005), trans. denied. The value of exhausting administrative remedies has been emphasized by our state supreme court, and the reasons for requiring exhaustion are well established: (1) avoiding premature litigation; (2) compiling an adequate record for judicial review; and (3) allowing agencies to retain the opportunity and autonomy to correct their own errors. Id. Failure to exhaust administrative remedies makes a motion to dismiss for lack of subject matter jurisdiction appropriate. Id.

We note at the outset that this case came to our court with a companion case involving the same defendants, similar procedural history, and with plaintiff Bridges in common. That case, Bridges v. Veolia Water Indianapolis, LLC, No. 49A02-1112-CC-1097 (Ind. Ct. App., Nov. 1, 2012), also included an issue of subject matter jurisdiction. We determined there that the trial court did not have subject matter jurisdiction because the plaintiff had not exhausted the available administrative remedies before filing suit. Slip op. at 17. For all of the reasons stated in that case, we hold that the trial court here did not err in granting the motions to dismiss for lack of subject matter jurisdiction.

### Conclusion

Concluding that the trial court did not have subject matter jurisdiction over this case because the Plaintiffs had not exhausted their administrative remedies, and thus that the trial court did not err in granting the motions to dismiss, we affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.

5