# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**STEPHEN R. BUSCHMANN**
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**NICHOLAS K. KILE**
**MARK J. CRANDLEY**
**HILLARY J. CLOSE**
Barnes & Thornburg LLP
Indianapolis, Indiana

FILED

Oct 02 2014, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CERTAIN MARTINSVILLE ANNEXATION TERRITORY LANDOWNERS, | ) ) ) | |
| Appellants-Petitioners, | ) ) | |
| vs. | ) ) | No. 55A01-1402-MI-64 |
| CITY OF MARTINSVILLE, | ) ) | |
| Appellee-Respondent. | ) ) | |

APPEAL FROM THE MORGAN CIRCUIT COURT
The Honorable Jeffrey V. Boles, Special Judge
Cause No. 55D01-1211-MI-2393

**October 2, 2014**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

The Appellants are remonstrators ("the Remonstrators") who appeal the trial court's order denying their remonstrance, affirming the City of Martinsville's ("the City") annexation ordinance, and approving the annexation of certain land surrounding the City. The Remonstrators raise several issues on appeal; however, we find the following issue dispositive: whether the appeal should be dismissed as moot because the annexation has become final, and there is no effective relief that this court can render to the Remonstrators.

We dismiss.

## FACTS AND PROCEDURAL HISTORY

On March 19, 2012, the City introduced Resolution 2012-283, which approved a fiscal plan, dated March 19, 2012, that proposed to annex approximately 5,000 acres of land surrounding the City. On August 12, 2012, the City adopted Ordinance 2012-1667, amending the initial proposal and reducing the amount of land to be annexed to 3,030 acres. On August 13, 2012, the City published notice of the adoption of Ordinance 2012-1667. On November 9, 2012, the Remonstrators filed their petition remonstrating against the proposed annexation. A trial was conducted, and after hearing evidence and arguments, the trial court entered its judgment on January 15, 2014 against the Remonstrators and upholding the annexation. The Remonstrators now appeal.

## DISCUSSION AND DECISION

The General Assembly has delegated part of its power to re-establish and change governmental unit boundaries to local legislatures. *Bradley v. City of New Castle*, 764 N.E.2d 212, 216 (Ind. 2002) (citing *Perry Twp. v. Indplis. Power & Light Co.,* 224 Ind. 59, 73, 64 N.E.2d 296, 302 (1946)). Thus, annexation is an essentially legislative function. *In*

2

*re Petition to Annex Approximately 7,806 Acres of Real Estate into City of Jeffersonville*, 891 N.E.2d 1157, 1160 (Ind. Ct. App. 2008) (citing *Bradley*, 764 N.E.2d at 215), *trans. denied*. It is subject to judicial review only as provided by statute. *Id*. Therefore, a remonstrator's challenge to annexation is not a regular lawsuit, but rather a special proceeding that the General Assembly may control. *Id*. at 1161.

There are only two methods of challenging annexation by a municipality. *Chem. Waste Mgmt. of Ind., LLC v. City of New Haven,* 755 N.E.2d 624, 631 (Ind. Ct. App. 2001). The first is remonstrance, which is the exclusive manner for landowners of the annexation area to obtain relief from annexation proceedings. *Id.* The second is a declaratory judgment suit, which is available only to taxpayers of the annexing city. *Id.* Once a remonstrance has been filed, the trial court's role is to decide whether the municipality has operated within its authority and satisfied the statutory conditions for annexation. *Bradley*, 764 N.E.2d at 216. The municipality bears the burden of showing compliance with the requirements of the annexation statute at the remonstrance hearing. *Id.* Once the trial court has decided whether to approve an annexation ordinance, either the municipality or the remonstrators may appeal. *Rogers v. Mun. City of Elkhart*, 688 N.E.2d 1238, 1240 (Ind. 1997).

On appeal, the Remonstrators argue that the trial court erred in denying their challenge to the proposed annexation by the City. The City, however, contends that the Remonstrators' appeal should be dismissed as moot because the annexation has become final, and therefore, there is no effective relief that this court can render to the Remonstrators.

3

The long-standing rule in Indiana has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. *DeSalle v. Gentry,* 818 N.E.2d 40, 48-49 (Ind. Ct. App. 2004). When a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved, the case will be dismissed. *Id.* at 49. The existence of an actual controversy is an essential requisite to appellate jurisdiction. *Id.* Although we prefer not to issue advisory opinions, we may decide an arguably moot case on its merits if it involves questions of great public interest. *Id.* Nevertheless, this public interest exception may only be invoked if the issue concerns a question of great public importance which is likely to recur in a context which will continue to evade review. *Id.*

Previously, a panel of this court determined that an appeal from a decision in an annexation case is moot once the annexation becomes final. *Annexation Ordinance F-2008-15 v. City of Evansville*, 955 N.E.2d 769, 777 (Ind. Ct. App. 2011), *trans. denied*. In that case, the remonstrators appealed from the trial court's dismissal of their remonstrance petition, but did not request a stay of the annexation prior to the annexation becoming effective. *Id.* at 776. This court held that challenges to the annexation of land will become moot when the annexation becomes effective unless the remonstrators request an injunction or a stay ordering the municipality to not proceed with the proposed annexation pending appeal. *Id.* at 777. This is because an appellate court cannot grant any effective relief without a stay because it has no statutory authority to order disannexation. *Id.* This court further found that the public interest exception did not apply because the annexation was not a question of great public importance and the issues presented were not likely to recur

4

in a context that will continue to escape review because annexation determinations turn on the unique facts of each case "in conjunction with the specific statutory requirements set forth" in the Indiana Code. *Id.* at 778. Therefore, absent an injunction or a stay of the annexation procedure, if an annexation becomes final before a review of the matter can be completed, any challenge to a proposed annexation will become moot.

Under Indiana Code section 36-4-3-15(f), an annexation becomes effective when the clerk of the municipality complies with the filing requirement of section 22(a). Indiana Code section 36-4-3-22(a) requires the clerk to file the affirmed annexation ordinance with each of the following:

> (A) The county auditor of each county in which the annexed territory is located.
>
> (B) The circuit court clerk of each county in which the annexed territory is located.
>
> (C) If a board of registration exists, the registration board of each county in which the annexed territory is located.
>
> (D) The office of the secretary of state.
>
> (E) The office of census data established by I.C. 2-5-1.1-12.2.

Ind. Code § 36-4-3-22(a)(1). The statute also requires that the ordinance be recorded with the county recorder of each county in which the annexed territory is located. I.C. § 36-4-3-22(a)(2). The clerk must complete these requirements no later than ninety days after the delivery of the trial court's order affirming the annexation. I.C. § 36-4-3-22(b).

In the present case, the trial court issued its order approving the annexation ordinance on January 15, 2014. On January 17, 2014, the City recorded a certified copy

5

of the judgment and annexation ordinance with the county recorder. On January 24, 2014, the City filed a copy of the judgment and annexation ordinance with the county auditor, the circuit court clerk, the voter registration board, the office of the secretary of state, and the office of census data. Once these steps had been taken, the annexation became final and effective, and the annexation territory became part of the City. *See* I.C. § 36-4-3-15(f). The Remonstrators did not request a stay of the annexation at any time prior to the appeal.

Pursuant to the holding in *Annexation Ordinance F-2008-15*, we conclude that the Remonstrators' challenges to the annexation of the land at issue are moot because the annexation has become effective and final. In order to preserve a challenge to the trial court's order, the Remonstrators should have requested a stay of the annexation pending appeal after the January 15, 2014 adverse ruling by the trial court. When they failed to do so, the Remonstrators risked that the City might, and in fact did, complete the necessary steps to make the annexation effective and make their issues on appeal moot. As in *Annexation Ordinance F-2008-15*, we also conclude that this court could not grant the Remonstrators effective relief after the annexation became final because we do not have the statutory authority to order disannexation as neither party has filed a disannexation petition, and the Remonstrators have not argued that the City failed to implement planned services within one year after the time allotted by statute as is required for disannexation under Indiana Code section 36-4-3-16. *See Annexation Ordinance F-2008-15*, 955 N.E.2d at 777-78.

Lastly, we conclude that the public interest exception to the mootness doctrine does not apply to the present case. The Indiana Supreme Court has long held that landowners

6

have no vested interest in maintaining any particular municipal boundaries because annexation of territory to a city is not a taking of the property and does not deprive any person of any property. *Id.* at 778; *Bradley*, 764 N.E.2d at 215. Thus, this case does not present a question of great public importance. Additionally, "annexation determinations turn squarely on the unique facts of each case in conjunction with the specific statutory requirements set forth in Indiana Code chapter 36–4–3". *Annexation Ordinance F-2008-15*, 955 N.E.2d at 778. We, therefore, conclude that the questions presented on appeal in the case before us are not likely to recur or continue to evade review. Based on these conclusions, we find that the Remonstrators' appeal is moot and should be dismissed.

Dismissed.

ROBB, J., concurs.

BAKER, J., concurs with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CERTAIN MARTINSVILLE ANNEXATION, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 55A01-1402-MI-64 |
| | ) | |
| CITY OF MARTINSVILLE, | ) | |
| | ) | |
| Appellee. | ) | |

**BAKER, Judge, concurring.**

I fully concur in the opinion and write separately only to express my concerns regarding the time period during which remonstrators may request a stay. Here, we dismiss the Remonstrators' appeal as moot because they failed to request a stay before the annexation became effective. While I agree that we must do so when an annexation becomes final, I fear that a clerk of the municipality may be able to finalize an annexation without allowing a reasonable time for remonstrators to request a stay. Under Indiana Code section 36-4-3-15(f), an annexation becomes final once the clerk of the court has complied with the following requirements under Indiana Code section 36-4-3-22(a):

(a) The clerk of the municipality shall do the following:
(1) File each annexation ordinance against which a remonstrance or an appeal has not been filed during the period permitted under this chapter or the certified copy of a judgment ordering an annexation to take place with each of the following:
    (A) The county auditor of each county in which the annexed territory is located.

8

(B) The circuit court clerk of each county in which the annexed territory is located.
(C) If a board of registration exists, the registration board of each county in which the annexed territory is located.
(D) The office of the secretary of state.
(E) The office of census data established by IC 2-5-1.1-12.2.
(2) Record each annexation ordinance adopted under this chapter in the office of the county recorder of each county in which the annexed territory is located.

My concern is that a clerk of the municipality may be able to comply with the above requirements before the remonstrators have had adequate time to determine if they will appeal and to request a stay pending any appeal. I would interpret the annexation statute to allow a reasonable time period to request a stay. In the case before us, the Remonstrators never requested a stay, and I fully concur.