# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 27 2015, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Patricia M. Mulvihill
City Attorney

Thomas D. Cameron
Assistant City Attorney
Bloomington, Indiana

ATTORNEYS FOR AMICUS CURIAE

A. Scott Chinn
Donald E. Morgan
Faegre Baker Daniels LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Lonnie D. Johnson
Samantha A. Salisbury
Clendening, Johnson & Bohrer, P.C.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bloomington Police Department,
*Appellant-Respondent,*

v.

Stone Belt, Inc.,
*Appellee-Petitioner.*

April 27, 2015

Court of Appeals Case No.
53A01-1411-MI-484

Appeal from the
Monroe Circuit Court

The Honorable Elizabeth A. Cure, Judge

Cause No. 53C04-1410-MI-1836

**Kirsch, Judge.**

[1]  Bloomington Police Department ("BPD") appeals the trial court's order that directed BPD to provide un-redacted records to Stone Belt, Inc. in response to Stone Belt's public records request. Finding that the issue is moot and declining to review the matter under the public interest exception, we dismiss the appeal and vacate the trial court's order.

[2]  In response to Stone Belt's public records request seeking "all types of calls/crimes" within a specified date range involving a particular Stone Belt client who had been exhibiting "extreme behavioral issues" at a Stone Belt group home, BPD emailed Stone Belt a form letter stating that the request "is denied" pursuant to Indiana Code section 5-14-3-4(b) of Indiana's Access to Public Records Act ("APRA"), which excepts from mandatory disclosure the investigatory records of law enforcement agencies and provides that such disclosure is "at the discretion" of the law enforcement agency. *Appellant's App.* at 34, 59. In addition to the letter, and pursuant to Indiana Code section 5-14-3-5, which requires law enforcement agencies to make available for inspection and copying daily logs that are maintained by the agency, BPD emailed Stone Belt three redacted calls-for-service information reports ("CFS Reports") reflecting two runs to the Stone Belt facility. When, in accordance with its department policy, BPD refused to provide un-redacted versions of the three CFS Reports, Stone Belt filed with the trial court an Emergency Petition for Authority to Subpoena Police Records, which the trial court granted. BPD

filed a motion to dismiss, which the trial court denied,[1] and the trial court further ordered BPD to release un-redacted copies of the records.[2] After BPD filed its appeal with this court, Stone Belt filed a Notice of Changed Circumstances indicating that due to changed circumstances, it would not seek to enforce the trial court's order and would dismiss the underlying action once the trial court reassumes jurisdiction of the case.

[3] The long-standing rule in Indiana is that a case is deemed moot when no effective relief can be rendered to the parties before the court. *In re Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991); *Annexation Ordinance F-2008-15 v. City of Evansville*, 955 N.E.2d 769, 776 (Ind. Ct. App. 2011), *trans. denied*. Generally, when a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved, the case will be dismissed. *City of Evansville*, 955 N.E.2d at 776; *Ind. High Sch. Athletic Ass'n, Inc. v. Durham*, 748 N.E.2d 404, 410-11 (Ind. Ct. App. 2001) (actual controversy must exist at all stages of appellate review, and if case becomes moot at any stage, it is remanded with instructions to dismiss). Nevertheless, we may decide an arguably moot case on its merits if it involves questions of great public interest. *City of Evansville*, 955 N.E.2d at 776. "Typically, cases falling in the 'great

---

[1] According to the record before us, the trial court considered BPD's motion to dismiss as a motion for summary judgment. *Appellant's App*. at 4, 62 n.2.

[2] At BPD's request, the trial court's November 17, 2014 order was stayed pending this appeal.

public interest' exception contain issues likely to recur."[3] *In re Commitment of J.B.*, 766 N.E.2d 795, 798 (Ind. Ct. App. 2002).

[4] In the case before us, BPD's appeal was rendered moot upon Stone Belt's notification of changed circumstances, *i.e.*, Stone Belt no longer needed the records at issue, would not seek to enforce the trial court's order, and intended to dismiss the underlying action. Urging that the issue warrants our review under the great public interest exception, BPD asks us to reach the merits of its appeal and decide whether the trial court erred when it ordered BPD to produce un-redacted investigatory records, despite BPD's uniform policy that, pursuant to the legislature's grant of discretion to law enforcement agencies in Indiana Code section 5-14-3-4(b), "[BPD] does not provide copies of investigatory records, or evidentiary photographs and/or recordings." *Appellant's App*. at 34. Given that many law enforcement and other public agencies across Indiana have similar policies, the Indiana Association of Cities and Towns and the Indiana Municipal Lawyers Association, Inc., as *Amicus Curiae*, join BPD in its position.

[5] We understand and appreciate BPD's desire for a ruling, but we decline the request to decide the present case on the merits, not necessarily because the

---

[3] We note that some cases from our court have stated that an additional element is required to resolve a moot case on its merits: that the case must be likely to evade review; however, "Our Supreme Court has rejected the 'additional element ... that the case must be likely to evade review.'" *Bell v. State*, 1 N.E.3d 190, 192 n.2 (Ind. Ct. App. 2013) (quoting *In re Lawrance,* 579 N.E.2d 32, 37 n.2 (Ind. 1991)).

matter lacks public import, but because of the posture of the appeal. To preserve agency resources, Stone Belt has not filed an appellee's brief, and, thus, we are presented with only one side of the issue. Recognizing the potential breadth and impact of any decision, we conclude that having only one view presented to us does not provide a complete and full discussion of the respective positions, nor an opportune case for decision, especially considering that it is argued to be of great public interest. Accordingly, we dismiss BPD's appeal as moot and instruct the trial court to vacate its November 17, 2014 order.

[6] Dismissed, with instructions to the trial court.

Vaidik, CJ., and Bradford, J., concur.