## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 08 2018, 9:07 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jon L. Orlosky
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ken Kocinski, <br> *Appellant-Defendant,* <br><br> v. <br><br> Jane Cotton, <br> Eighth Street Rentals, LLC <br> *Appellee-Plaintiff* | January 8, 2018 <br><br> Court of Appeals Case No. <br> 48A02-1707-MI-1639 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Angela Warner Sims, Judge <br><br> Trial Court Cause No. <br> 48C01-1706-MI-0478 |

**May, Judge.**

[1] Ken Kocinski and Jane Cotton own properties adjacent to each other. Around May 2017, it became necessary for Cotton to complete repairs to her property that required workers access her property via Kocinski's property. Informal negotiations regarding Cotton's use of Kocinski's property broke down, and Cotton sought legal remedy.

[2] Kocinski appeals the trial court's "Order Extending Emergency Injunction and Temporary Restraining Order and Denial of Change of Judge." (App. Vol. II at 8.) He presents six issues for our review, which we restate as:

1. Whether the trial court erred when it treated Cotton's motion for emergency injunction and temporary restraining order as a filed and pending pleading under Indiana Trial Rule 7;

2. Whether the trial court erred when it granted Cotton's motion for emergency injunction *ex parte*;

3. Whether the trial court erred when it granted Cotton's motion for emergency injunction and temporary restraining order without findings as required by Indiana Trial Rule 65(B)(2);

4. Whether the trial court erred when it granted Cotton's motion for emergency injunction and temporary restraining order without first requiring Cotton to post a security bond as required by Indiana Trial Rule 65(C) or requiring Cotton to submit a verified complaint or affidavit in support of her motion;

5. Whether the trial court erred when it extended its emergency injunction and temporary restraining order *ex parte* and despite allegations a belated bond had not been posted; and

6. Whether the trial court erred in denying Kocinski's motion for change of judge pursuant to Indiana Trial Rule 76(C).

We conclude the issues presented are moot, and we decline to review the matter under the public interest exception. Therefore, we dismiss the appeal.

# Facts and Procedural History

On June 9, 2017, Jane Cotton and Eighth Street Rentals (collectively, "Cotton") filed a motion for emergency injunction and temporary restraining order against Kocinski. In the process of rehabilitating the property adjacent to Kocinski's property, she discovered a significant mold problem in the north wall of the property, which abuts Kocinski's property. She stated in her motion "the only way to get access to the north wall is to enter onto the property belonging to Ken Kocinski, Defendant." (App. Vol. II at 15.) Cotton requested the trial court grant the emergency injunction and temporary restraining order "allowing structural engineers, Miles Construction and Terminix, their agents and employees, to enter upon the property of Defendant, to drive construction equipment on the property of [D]efendant, to bring construction materials onto the property of [D]efendant between June 12, 2017, and June 23, 2017[.]" (*Id.* at 16.)

Kocinski bought the property next to Cotton's at a tax sale. Cotton indicated in her motion, "It appears that the lot is not being used for any purpose. It is an empty, vacant, gravel lot." (*Id.* at 15.) Kocinski refused to allow Cotton access to the lot "in the absence of a $5,000 payment." (*Id.*) In his response to

Cotton's motion, Kocinski argued "regardless of how Plaintiffs choose to characterize the Defendant's property, it is the Defendant's property and the Defendant has an absolute right to maintain his property and keep others from trespassing on his property." (*Id*. at 20.) Kocinski also asserted Cotton's request for emergency injunction and temporary restraining order "is not a remedy available at law . . . and the court has no authority to enter any order sanctioning a continuation of [Cotton's alleged trespass on Kocinski's property]." (*Id*.) Kocinski urged the trial court to deny Cotton's motion because the motion "wholly fail[s] to comply with Indiana trial rules and seek[s] an unlawful order from the court." (*Id*.)

[6] On June 9, 2017, the trial court granted Cotton's motion and ordered the specific parties listed in her motion be allowed to enter Kocinski's property between June 12 and June 23, 2017. The order also stated, "If Defendant requests a security [deposit] be posted then a hearing shall be held to address security issues." (*Id*. at 7.)

[7] On June 12, 2017, Kocinski filed a motion to vacate the court's order immediately, arguing Cotton's motion did not comport with several trial rules, she did not "initiate a recognizable claim that allows the court to exercise jurisdiction," (*id*. at 24), and Kocinski's due process rights were violated when the trial court did not hold a hearing on Cotton's motion and required him to request a hearing to obtain a security deposit for any damages incurred from Cotton's use of his property. Kocinski filed a motion to correct error with identical arguments the same day.

[8]     The trial court held a hearing on Kocinski's motions on June 15, 2017. The trial court denied Kocinski's motions and set "a security bond in the amount of $3500.00 to be posted by Plaintiff." (*Id*. at 30.) On June 20, Kocinski filed a motion for change of judge pursuant to Indiana Trial Rule 76(B). The same day, Cotton filed a motion to extend the trial court's emergency injunction and temporary restraining order because the "structural engineer has identified additional problems with the wall that need to be repaired. Because of this, the repair will take longer than originally anticipated." (*Id*. at 32.) Cotton requested an extension until July 7, 2017, and indicated she was posting the bond as ordered by the trial court. Kocinski filed his response to Cotton's motion on June 20, reiterating his earlier arguments.

[9]     On June 23, 2017, Cotton filed a notice to the court indicating she "will only need to the end of the day, Tuesday, June 27, 2017, to complete all repairs to [Cotton's property] and to clean up and vacate the lot owned by Defendant." (*Id*. at 35.) On June 23, 2017, the trial court granted Cotton's request for an extension until June 27, 2017. In the same order, the trial court stated:

> The Court hereby denies Defendant's Motion for Change of Judge. Trial Rule 76(C) requires a motion be filed within 10 days of the issues being closed on the merits. Plaintiff filed her original motion on June 9, 2017, Defendant filed a response to said motion on June 9, 2017, and the Court granted relief on that same date. The change of judge was not filed until June 20, 2017, which is 1 day over the 10 day requirement as set forth in Trial Rule 76(C).

(*Id*. at 9.) On June 23, 2017, Kocinski asked the court to declare its June 23 order as a final order pursuant to Indiana Trial Rule 58. The trial court declared its June 23 order a final order on July 13, 2017.

## Discussion and Decision

[10] We first note Cotton did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

[11] "An issue becomes moot when it is no longer live and the parties lack a legally cognizable interest in the outcome or when no effective relief can be rendered to the parties." *Ind. High Sch. Athletic Ass'n, Inc. v. Durham*, 748 N.E.2d 404, 410 (Ind. Ct. App. 2001). "When the principal questions in issue have ceased to be matters of real controversy between the parties, the errors assigned become moot questions and the court will not retain jurisdiction to decide them." *Id*. Nevertheless, we may decide an arguably moot case on its merits if it involves questions of great public interest. *Annexation Ordinance F-2008-15 v. City of Evansville*, 955 N.E.2d 769, 776 (Ind. Ct. App. 2011), *trans. denied*. "Typically, cases falling in the 'great public interest' exception contain issues likely to recur." *In re Commitment of J.B.*, 766 N.E.2d 795, 798 (Ind. Ct. App. 2002).

The trial court granted to Cotton an emergency injunction and temporary restraining order that were set to expire at "11:59 p.m. on June 27, 2017." (App. Vol. II at 9.) There is no indication the work went beyond that date or that the emergency injunction and temporary restraining order was extended beyond that date, and Kacinski does not argue that he was deprived of any property right after that date. Therefore, the order Kocinski wishes to challenge is no longer "live" and we cannot offer Kocinski any effective relief. *See Durham*, 748 N.E.2d at 410 ("An issue becomes moot when it is no longer live . . . or when no effective relief can be rendered to the parties.").

Neither are we persuaded by Kosinski's assertion that we should entertain his appeal under the public interest exception to the mootness doctrine. *See City of Evansville*, 955 N.E.2d at 778 n.4 ("While we fully understand that this matter of great public interest to the Remonstrators, the public interest exception as contemplated by the law involves a public interest to the greater general public.").

# Conclusion

Because the issues presented are moot, we dismiss Kocinski's appeal.

Dismissed.

Barnes, J., and Bradford, J., concur.